**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LINK MANAGEMENT AGENCY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-cv-00076 |
| | § | |
| PISCO MEDIA GROUP LLC D/B/A THE | § | |
| SOCIABLE SOCIETY, JAYZEME KENT- | § | |
| HUME, EMILY FONDA, ROY PETERS, | § | |
| SARA WILLIAMS, and LEXI | § | |
| RUBINSTEIN, | § | |

### APPENDIX IN SUPPORT OF NOTICE OF REMOVAL

| DESCRIPTION | APP |
|---|---|
| Index of Documents Filed in State Court | 001-002 |
| State Court Docket Sheet | 003-008 |
| Plaintiff's Original Petition | 009-039 |
| Citations Issued | 040-051 |
| Returns of Service | 052-066 |
| Defendants' Special Appearance and Original Answer Subject to Special Appearance | 067-088 |

Dated: January 12, 2026

Respectfully submitted,

*/s/ Blake J. Brownshadel*
Blake J. Brownshadel
State Bar No. 24073969
bbrownshadel@cbsattorneys.com
Gemma R. Galeoto
State Bar No. 24061047
ggaleoto@cbsattorneys.com
Christopher A. John
State Bar No. 24110053
cjohn@cbsattorneys.com

**APPENDIX IN SUPPORT OF NOTICE OF REMOVAL**

CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200
Facsimile: (214) 981-9203

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, a true and correct copy of the foregoing instrument was served on Plaintiff's counsel through the Court's e-service and via e-mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Blake J. Brownshadel*
Blake J. Brownshadel

## Case Information

DC-25-15595 | LINK MANAGEMENT AGENCY, LLC vs. PISCO MEDIA GROUP LLC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-25-15595 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 09/05/2025 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
LINK MANAGEMENT AGENCY, LLC

Active Attorneys ▾
Lead Attorney
BROWN, JESSICA RENEE
Retained

DEFENDANT
PISCO MEDIA GROUP LLC

Active Attorneys ▾
Lead Attorney
GALEOTO, GEMMA ROSE
Retained

DEFENDANT
KENT-HUME, JAYZEME

Active Attorneys ▾
Lead Attorney
GALEOTO, GEMMA ROSE
Retained

DEFENDANT
FONDA, EMILY

Active Attorneys ▾
Lead Attorney
GALEOTO, GEMMA ROSE

Appendix 003

Retained

DEFENDANT
PETERS, ROY

DEFENDANT
WILLIAMS, SARA

Active Attorneys ▾
Lead Attorney
GALEOTO, GEMMA ROSE
Retained

DEFENDANT
RUBINSTEIN, LEXI

## Events and Hearings

09/05/2025 NEW CASE FILED (OCA) - CIVIL

09/05/2025 ORIGINAL PETITION ▾

ORIGINAL PETITION

09/05/2025 ISSUE CITATION ▾

ISSUE CITATION-PISCO MEDIA GROUP LLC

ISSUE CITATION-JAYZEME KENT-HUME

ISSUE CITATION-EMILY FONDA

ISSUE CITATION-ROY PETERS

ISSUE CITATION-SARA WILLIAMS

ISSUE CITATION-LEXI RUBINSTEIN

09/11/2025 CITATION ▾

Served
12/01/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/05/2025
Comment
PISCO MEDIA GROUP LLC

---

09/11/2025 CITATION ▾

Served
12/01/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/05/2025
Comment
JAYZEME KENT-HUME

---

09/11/2025 CITATION ▾

Served
12/01/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/05/2025
Comment
EMILY FONDA

---

09/11/2025 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
ROY PETERS

09/11/2025 CITATION ▾

Served
11/26/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/01/2025
Comment
SARA WILLIAMS

09/11/2025 CITATION ▾

Served
12/20/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
12/31/2025
Comment
LEXI RUBINSTEIN

12/01/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - SARA WILLIAMS

Comment
EXECUTED CITATION - SARA WILLIAMS

12/05/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - JAYZEME KENT-HUME

Comment
EXECUTED CITATION - JAYZEME KENT-HUME

12/05/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - PISCO MEDIA GROUP LLC

Comment
EXECUTED CITATION - PISCO MEDIA GROUP LLC

12/05/2025 RETURN OF SERVICE ▾

Case 3:26-cv-00076-N    Document 1-1     Filed 01/12/26     Page 7 of 88     PageID 12

EXECUTED CITATION - EMILY FONDA

Comment
EXECUTED CITATION - EMILY FONDA

---

12/29/2025 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANTS ORIGINAL ANSWER AND SPECIAL APPEARANCE

Comment
SPECIAL APPEARANCE

---

12/31/2025 RETURN OF SERVICE ▾

EXECUTED CITATION - LEXI RUBINSTEIN

Comment
EXECUTED CITATION - LEXI RUBINSTEIN

## Financial

LINK MANAGEMENT AGENCY, LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $398.00 |
| | Total Payments and Credits | | | $398.00 |
| 9/9/2025 | Transaction Assessment | | | $398.00 |
| 9/9/2025 | CREDIT CARD - TEXFILE (DC) | Receipt # 63690-2025-DCLK | LINK MANAGEMENT AGENCY, LLC | ($261.00) |
| 9/9/2025 | STATE CREDIT | | | ($137.00) |

## Documents

Appendix 007

ORIGINAL PETITION

ISSUE CITATION-PISCO MEDIA GROUP LLC

ISSUE CITATION-JAYZEME KENT-HUME

ISSUE CITATION-EMILY FONDA

ISSUE CITATION-ROY PETERS

ISSUE CITATION-SARA WILLIAMS

ISSUE CITATION-LEXI RUBINSTEIN

EXECUTED CITATION - SARA WILLIAMS

EXECUTED CITATION - JAYZEME KENT-HUME

EXECUTED CITATION - PISCO MEDIA GROUP LLC

EXECUTED CITATION - EMILY FONDA

DEFENDANTS ORIGINAL ANSWER AND SPECIAL APPEARANCE

EXECUTED CITATION - LEXI RUBINSTEIN

Appendix 008

FILED
9/5/2025 12:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

6 CIT / E-SERVE

CAUSE NO.  DC-25-15595

| | | |
|---|---|---|
| LINK MANAGEMENT AGENCY LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| PISCO MEDIA GROUP LLC D/B/A THE | § | |
| SOCIABLE SOCIETY, JAYZEME KENT- | § | |
| HUME, EMILY FONDA,  ROY PETERS, | § | 95th |
| SARA WILLIAMS, and LEXI | § | _____JUDICIAL DISTRICT |
| RUBINSTEIN, | | |
| | | |
| *Defendants.* | | |

---

## ORIGINAL PETITION

---

TO THE HONORABLE COURT:

Plaintiff LINK MANAGEMENT AGENCY LLC ("Link") file this Original Petition against PISCO MEDIA GROUP LLC d/b/a THE SOCIABLE SOCIETY ("TSS"), JAYZEME KENT-HUME ("Kent-Hume"), EMILY FONDA ("Fonda"), ROY PETERS ("Peters"), SARA WILLIAMS ("Williams"), and LEXI RUBINSTEIN ("Rubinstein") collectively referred to as "Defendants," seeking immediate injunctive relief to stop their wrongful actions,  and would show this Court as follows:

I.
## NATURE OF THE ACTION

1.     This lawsuit seeks to bring justice to stop TSS, Kent-Hume, Fonda, Willaims, Peters, and Rubinstein from interfering with the business of Link Management Agency LLC.

---

ORIGINAL PETITION

2.      The Defendants, with Kent-Hume at the helm, have taken calculated, intentional action to defame Link, with the intent to harm Link's business, interfere with its business, and diminish its revenue.

3.      TSS Defendants have taken intentional actions that they know diverted significant revenue away from Link, severely and irreparably damaged customer relationships, and to this day are still taking the tortious, defamatory actions.

## II.
## DISCOVERY CONTROL PLAN

4.      Pursuant to the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this case under Level 2.

## III.
## CLAIMS FOR RELIEF

5.      In accordance with Rule 47 of the Texas Rules of Civil Procedure, Link states that it seeks monetary relief over $1,000,000 in additional to injunctive relief and any and all other relief the Court deems just.

## IV.
## PARTIES

6.      Plaintiff Link Management Agency LLC, is a Texas limited liability company, which is headquartered in Dallas County, Texas.

1.      Defendant Pisco Media Group LLC d/b/a The Sociable Society, has regular and customary contacts with Texas and may be served with process at its office located at 4500 Park Granada, Suite 202, Calabasas, CA 91302, doing business in California or wherever the owners or registered agent may be located.

---

ORIGINAL PETITION

2

2.      Defendant Jay Kent-Hume is the owner of Pisco Media Group LLC, and may be served at 4500 Park Granada, Suite 202, Calabasas, CA 91302, or wherever he may be located.

3.      Defendant Emily Fonda is the owner of Pisco Media Group LLC, and can be located at 4500 Park Granada, Suite 202, Calabasas, CA 91302.  Kent-Hume is a citizen and resident of California.

4.      Defendant Roy Peters is a management employee of Pisco media Group LLC, , and may be served at 4500 Park Granada, Suite 202, Calabasas, CA 91302, or wherever he may be located.

5.      Defendant Sara Williams is a management employee of Pisco media Group LLC, , and may be served at 4500 Park Granada, Suite 202, Calabasas, CA 91302, or wherever she may be located.

6.      Defendant Lexi Rubinstein is a management employee of Pisco media Group LLC, and may be served at 4500 Park Granada, Suite 202, Calabasas, CA 91302, or wherever he may be located.


## V.
## JURISDICTION AND VENUE

7.      This Court has jurisdiction over all causes of action asserted in this Original Petition  pursuant to Texas Civil Practice and Remedies Code Sections 15.002, 17.042, and 17.044, and Article 5, Section 8 of the Texas Constitution.

8.      The court has personal jurisdiction over the parties, as they have availed themselves of the laws of Texas, and Defendants have continuous and systematic contact with Texas through their purposeful contact with at least five Texas employees, such as Brooke Meister, networking and holding meetings in Dallas, Texas, advertising to have meetings and

Appendix 011

networking in Dallas, Texas (and surrounding areas of Frisco, Texas), and also by directing tortious conduct to Link, in Texas.

9.      Specifically, TSS and Rubinstein attended LTK Con in October 2023 in Dallas, Texas. While at LTK Con in Dallas, Texas, Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities.

10.     TSS, Kent-Hume, and Rubinstein attended LTK Con on or around September 17, 2024 through September 21, 2024 in Dallas, Texas. While at LTK Con in Dallas, Texas, Kent-Hume and Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities.

11.     In March 2025, Kent-Hume attended SXSW, in Austin, Texas, actively seeking business opportunities to benefit him and his company, TSS.

12.     TSS, Fonda, Peters and Rubinstein  have  publicly advertised they will attend LTK Con in 2025 on or around September 7, 2025 through September 11, 2025 in Frisco, Texas. While at LTK Con in Frisco, Texas, Fonda, Peters and Rubinstein, among other TSS employees, will hold meetings and attend events with talent and brands for the purposes of securing new business opportunities.

13.     On July 9, 2025, TSS published an Instagram post seeking brand partnership opportunities for an event in Frisco, Texas, seeking and inviting meetings with brand partners in Texas.



14.     On August 6, 2025, Kent-Hume published a LinkedIn post seeking brand partnership opportunities for an event in Frisco, Texas, seeking and inviting meetings in Texas.



Hi friends — we're gearing up for two of our signature **The Sociable Society** agency dinners:

September 9 in Frisco, TX with ~30 of our top creators (22M+ reach)

September 12 during NYFW with ~70 creators (44M+ reach)

We've locked in some incredible venues, and now we're looking to partner with brands who want to be part of these unforgettable nights.

If your brand is looking to connect directly with top-tier creators in beauty, lifestyle, fashion, and wellness — let's talk.

DM me or tag the right contact and we'll share the full details. Thanks!



Brian LaSalla and 49 others                    4 comments · 6 reposts

15.    On August 6, 2025, Rubinstein published a LinkedIn post seeking brand partnership opportunities for an event during LTK Con in Frisco, Texas, seeking and inviting meetings and engaging in business in Texas.



16.    In August 2025, Rubinstein published a LinkedIn post promoting that she and TSS will be in Frisco/Plano, Texas and asking to schedule business meetings.

 **Lexi Rubinstein** ✅ · 2nd                    **📄+ Connect**    ···
Senior Creator Manager, Influencer Management + Marketing
4w · Edited · 🌐

Calling all brand partners! The Sociable Society is putting together some exciting agency events for NYFW and LTK Conference this September ✨ If your team is interested in getting involved, I'd love to connect—feel free to message me!

 **Jay Kent-Hume** in · 2nd                    **+ Follow**
CoFounder at The Sociable Society | Influencer Marketing | Creator ...
4w · 🌐

Hi friends — we're gearing up for two of our signature The Sociable Society agency dinners:

September 9 in Frisco, TX with ~30 of our top creators (22M+ reach)

September 12 during NYFW with ~70 creators (44M+ reach)

We've locked in some incredible venues, and now we're looking to partner with brands who want to be part of these unforgettable nights.

If your brand is looking to connect directly with top-tier creators in beauty, lifestyle, fashion, and wellness — let's talk.

DM me or tag the right contact and we'll share the full details. Thanks!

 3

17.    On August 7, 2025, Fonda published a LinkedIn post seeking brand partnership opportunities for the LTK Con event in Frisco, Texas.



**Emily Fonda** ✅ · 2nd
Co-Founder, The Sociable Society. Leading Creator Managemen...
3w · 🌐                                                    **+ Follow**    ···

Hi friends! We're hosting two of our signature The Sociable Society agency dinners this September:

Sept 9 – Frisco, TX: ~30 of our top creators (22M+ reach)
Sept 12 – NYFW: ~70 creators joining us (44M+ reach)

We've secured two incredible dinner venues and are opening the door to a few aligned brand partners who want to co-host with us.

If your brand is looking to connect with top-tier creators across beauty, fashion, lifestyle, and wellness — let's chat. These nights are all about meaningful connection and powerful visibility.

DM me or tag a teammate who should be in the loop — we're happy to share more details!

🔵🟢🟠 Brian LaSalla and 16 others                    2 comments · 1 repost



18.     In December 2024, Fonda attended an event in Las Colinas, Texas to market on behalf of TSS.

19.     This Court has jurisdiction over this matter, as it relates to the actions taken against Link Management Agency, a Texas limited liability company, operating and headquartered in Dallas County, Texas. The facts that give rise to this lawsuit took place in Dallas County.

20.     Defendants have taken actions aimed and isolated at harming Link, in Texas, seeking to interfere with Link's business and contractual relationships with its Creator clients, who all have entered into agreements with Link, in Texas, incorporating Texas law.

## VI.
## BACKGROUND, FACTS, AND BASIS FOR RELIEF

**A.    Link's Business.**

7.    Link is a Dallas-based social media marketing company.

8.    Link represents creators who have large presences on social media (Instagram, TikTok, YouTube, among others), and connects those creators with brand deals with established companies including Fortune 500 companies.

9.    Link is a new company that officially launched in June 2025.

10.    Link employs Brooke Meister, who is a former employee of TSS.

11.    Meister resigned her employment with TSS in April 2025. Meister has been subject to defamation and other wrongful acts of TSS, its owners Kent-Hume and Fonda, and the other Defendants.  Meister's employment-based claims are pending in a California lawsuit (as TSS incorporated California law in all of its agreements and employment documents).

12.    Once Link launched in June 2025, and it was publicly known that Meister is working with Link, Defendants took to egregious, outrageous, tortious actions against Link, clearly doing everything in their power to try to make Link fail as a business.

13.    Defendants have defamed Link, interfered with its business and clients, and interfered with its contracts.

14.    Defendants have specifically made public comments to TSS employees, usually in all-employee meetings, making it clear that TSS is taking special measures against Link, and any Creator that is going to Link needs to be handled differently (with the clear intent to interfere with Link's business).

---

15.     In the social media talent management world, creators leave and go to new agencies all the time.

16.     And from its founding in 2015 to present, TSS has never taken any egregious action to impede Creators from leaving when they gave notice (30 days pursuant to TSS creator agreements).

17.     In the case with Link, Defendants have harassed, hounded, and even not paid the Creators who gave notice to terminate with TSS (and who are now represented by Link). This discriminatory and different treatment by Defendants to only the Creators who are now being represented by Link is clear evidence of the intention to tortiously interfere with Link's business.

**Defendants Take Calculated, Conspired Action to Interfere and Divert Business from Link.**

18.     TSS and Williams, has engaged in a deliberate and unlawful pattern of misconduct by continuing to negotiate brand deals for talent who have terminated their relationships with TSS and are now exclusively represented by Link.

19.     Despite having no authority to do so, TSS through Williams and other employees have actively held themselves out to brands as the representatives of these Creators, diverting business, creating confusion in the marketplace, and interfering with Link's exclusive representation rights of Creators

20.     This misconduct has caused brands to question the proper channels of communication, delayed or derailed legitimate deal negotiations, and materially harmed Link's ability to secure opportunities for its talent.

---

ORIGINAL PETITION

21.     Such willful interference by TSS and its employees has not only damaged Link's business relationships and reputation, but also constitutes intentional and unlawful disruption of Link's contractual and economic interests.

22.     On one such occasion, despite knowing that the Creator was no longer represented by TSS, when a brand reached out, TSS failed to communicate it no longer represented the Creator, and instead, improperly proceeded to negotiate with the brand as if it had authority to act on the Creator's behalf.

23.     TSS had no such authority; the Creator had withdrawn all authority for TSS to represent her in any capacity. After unlawfully inserting itself into these negotiations, TSS then abandoned the discussion altogether, leaving the brand without response.

24.     This intentional and unauthorized conduct not only interfered with Link's business and contractual relationship to exclusively represent and negotiate on behalf of this Creator.  This also damaged Link's relationship with the brand by causing frustration and anger, thereby inflicting reputational and business harm.

25.     On another occasion after termination, TSS, despite having no authority to represent a Creator, falsely told the Creator (who left TSS and was exclusively represented by Link) that a new brand deal would be "under the jurisdiction for TSS to run" because it was allegedly a "continuation." This statement was knowingly false and a deliberate misrepresentation. The deal in question was not a continuation; it was a new contract, entirely separate and negotiated after termination.

26.     In fact, Fonda herself has openly admitted that the very conduct TSS is engaging in is unlawful. With regard to a talent joining TSS from another agency, Fonda stated: "if a brand

---

rebooks her – we'll negotiate a whole new contract with the brand deal and claim it's a new deal. They can't non-compete her on brand relationships, it's illegal."

27.    By her own words, Fonda acknowledged that attempts to bind Creator Clients to brand relationships are unlawful.

28.    Yet despite this explicit recognition, TSS has nevertheless engaged in the exact conduct it has admitted is unlawful, illegally negotiating and representing Link's Creator Clients after they had terminated their relationship with TSS.  This was all to interfere with Link's exclusive representation rights and business.

29.    TSS has gone so far as to attempt to coerce its former Creator Clients into deals against their will, even after those talent had terminated their relationship with TSS.

30.    Importantly, TSS has not employed this practice when talent have left for other agencies. Instead, TSS has selectively targeted Link and its talent, subjecting them to unlawful continuation claims and coercive tactics. This disparate treatment underscores TSS's malicious intent. Its actions are not grounded in any legitimate business interest, but rather in a calculated effort to harm Link, disrupt its business, and damage its reputation in the industry.

31.    Historically, when talent have left TSS to join other agencies, TSS leadership has directed its employees to take a different and more appropriate course of action.

32.    Specifically, Williams and Kent-Hume have historically instructed TSS employees to inform the brand partner that the talent was now represented by a new agency and to forward communications directly to the talent's personal email. This practice ensured a clean transition of representation and respected the rights of both the Creator and the successor agency.

Appendix 020

33.     However, that standard practice has not been followed when Creators have chosen to leave TSS for Link. When the new agency is Link, TSS has deviated from its own established protocol, refusing to acknowledge Link's exclusive representation, continuing to interfere in negotiations, and sowing confusion with brand partners. This disparate treatment is not accidental. It is a calculated and deliberate attempt to treat Link differently than every other agency, for the sole and malicious purpose of harming Link, obstructing its ability to secure opportunities, and damaging its reputation in the industry.

34.     Kent-Hume and Peters have openly acknowledged this differential treatment. On June 26, Peters admitted: "I think it's been a little grey and I've seen it even in my few weeks here be done a little bit differently for some of these people exiting."

35.     Even in his brief tenure, Peters immediately recognized that TSS, Kent-Hume, Fonda, and Williams were taking a targeted and retaliatory approach toward Link and the Creators who chose to sign with Link.

36.     Rather than distancing himself from this improper conduct, Peters chose to participate, actively furthering this malicious campaign by perpetuating the disparate treatment and recklessly spreading false and defamatory claims about Link.

37.     The TSS website continues to display photos and likenesses of talent exclusively represented by Link, including Amy Fritz, Caroline Winkler, Brynley Joyner, Danielle Walter, Chloe Holladay, Elexis Ferrell-Willingham, Madison Svetz, Katy Johnson, Lauren Raymond and Victoria Louie. As the usage rights for this content have been terminated, such display constitutes unlawful exploitation of Link's Creator's names and likenesses. This deliberate misuse not only

Appendix 021

infringes upon the rights of the talent but also creates marketplace confusion and is intended to interfere with Link's exclusive relationships.

**TSS Uses Sham, Unlawful "Termination Agreements" Designed to Interfere with Link's Business.**

38.    Under TSS's agreements with Creators, either party may terminate the relationship by providing 30 days' notice. Nothing more is required. Historically, when talent exercised this right, TSS followed a practice of sending a simple termination acknowledgment, which merely confirmed that the relationship was ended as of a specified effective date.

39.    However, once Link was founded and Creators began choosing to leave TSS for Link, TSS began issuing new "termination agreements" to their departing Creators.  These were new agreements that imposed new terms.  This is not only fraudulent and unconscionable, but wholly unenforceable, as the actual agreement provided for termination terms, that had been followed.  There was no consideration to enter into a new agreement, as TSS was attempting to force on Creators who were leaving TSS to have Link represent them.  These actions were taken by TSS, Williams, and Peters, acting at the direct instruction of TSS, Kent-Hume and Fonda.

40.    These actions are fraudulent, and intentionally sought to interfere with Link's business and deceive the departing Creator Clients, which is prohibited by law.

41.    The obligations contained in these sham agreements directly interfered with Link's ability to exclusively represent its talent. They were deliberately crafted to redirect brand partnership opportunities back to TSS through provisions that were not even included in the original agreements with the Creators and to restrict Creators from working with brand partners altogether as arbitrarily determined by the Defendants.

42. This is conduct Fonda herself has explicitly acknowledged is illegal. This scheme demonstrates TSS's calculated intent to harm Link by fabricating unenforceable restrictions, misleading talent, and unlawfully diverting future business opportunities that rightfully belong to Link and its Creator Clients.

43. Williams, Peters, Kent-Hume, and Fonda have engaged in a persistent campaign of harassment directed at Link's Creators, pressuring them to sign these sham termination agreements.

44. When Creators have directly asked whether they were required to sign such agreements, TSS, Williams, Peters, Kent-Hume and Fonda evaded the question, refusing to provide a straight answer, and instead repeatedly demanding that the agreements be signed.

45. The fraud gets worse. TSS has resorted to coercion by signaling to Creators that their payments (that TSS is obligated to pay them under the executed agreement with TSS) would be withheld if the Creators refused to sign sham termination agreement (imposing new terms).

46. This conduct is not only coercive and unethical, it is fraudulent. By attempting to force talent into signing contracts that are unconscionable, unenforceable, and designed to strip them of rights they are legally entitled to, TSS has engaged in willful misconduct intended to intimidate and exploit talent while unlawfully interfering with Link's exclusive representation rights.

47. In another example, a year-long deal was executed during the Creator's time at TSS. The Creator is now exclusively represented by Link. The Creator requested to personally manage the ongoing deal, with agency fees continuing to be paid to TSS as the contract was executed

Appendix 023

during her representation by TSS, fully consistent with how TSS previously handled such situations when talent transitioned to other competitors.

48.    TSS, through Williams, expressed a willingness to allow the Creator to manage the deal as they do in the normal course of business, but disparately in this situation because Link now represents the talent, Williams fully conditioned that cooperation on execution of the sham, unenforceable termination agreement.

49.    The Creator responded to this on August 12th reinforcing that she would like to be looped into these discussions to manage the deal herself and restated the termination provision stated in TSS's own agreement which has no requirement for a new "termination agreement" of any sort. Williams has since been entirely unresponsive.

50.    This conduct demonstrates concerted action and effort to damage brand relationships for Link and its Creators (TSS's former Creators). TSS's willingness to follow their standard business practice only if the so-called "termination agreement" is signed underscores the coercive, retaliatory, and improper nature of their actions. This further demonstrates that Defendants are treating Link and Link's talent differently, seeking to interfere with Link's business and contractual relationships.

51.    Given that TSS, Kent-Hume, Fonda, Williams and Peters are in the business of negotiating contracts for their Creator Clients, it is highly suspect that they lack basic understanding of how contracts terminate, and how to wrap up a Creator relationship that has been terminated pursuant to TSS's agreement.

52.     This underscores that Defendants are knowingly and intentionally sending these sham termination agreements to Creators who have terminated their relationships with TSS (which they are legally permitted to do), as a way to intentionally interfere and cause harm to Link.

53.     A clear and undeniable pattern has emerged: TSS's misconduct is uniquely and exclusively directed at Link. In recent months, numerous Creators have terminated their relationships with TSS and signed with other competing agencies. In those cases, TSS has not harassed the departing talent, has not persistently attempted to force sham termination agreements upon them, and has not interfered with the business of those competitors.

54.     In contrast, every instance of harassment, coercion, and unlawful interference has been aimed solely at Link and Creators choosing to be represented by Link. This selective campaign demonstrates TSS's malicious intent. Its actions are not driven by any legitimate business interest, but by a targeted effort to damage Link's business, obstruct its relationships, and intimidate talent from exercising their right to choose Link as their representative agency.

**Baseless Threats and Intimidation Targeted at Employees Joining Link.**

55.     In an effort to dissuade prospective employees from joining Link, TSS has resorted to baseless threats and intimidation. Kent-Hume has threatened to sue TSS employees immediately upon their submission of resignation notices at TSS, despite having no legal or factual basis for such claims, and has even gone so far as to threaten to "ruin their careers" if they chose to leave TSS for Link.

56.     Williams has similarly delivered threats to employees after submitting their resignation to TSS, warning them to "be very careful about the next move" and that "things are going to get really messy and would hate to see you get caught up in it."

57.     These statements are not legitimate business communications. They are calculated threats designed to instill fear, coerce compliance, and intimidate individuals from exercising their right to leave TSS and pursue opportunities with Link.

58.     In a further display of bad faith, TSS, Kent-Hume, Fonda, Williams and others childishly blocked Link and all of Link's employees on social media. Yet, rather than severing ties, they then resorted to either creating fake accounts to monitor Link's activity or directing their employees to report back to TSS leadership on every social media post made by Link.

59.     The pattern is unmistakable: TSS has repeatedly taken actions connected to Link's social media activity on the very day a post is made, including, but not limited to, harassing newly announced Link talent and blocking Link's new employees on social media. These actions are not coincidental; they are calculated, petty, and malicious attempts to intimidate talent and staff, interfere with Link's growth, and exert control through harassment and surveillance.

60.     TSS's actions are driven not by legitimate business interests, but by fear of competing against Link, knowing full-well how successful Link can and will be. This fear is evidenced by the material contributions Link's current employees previously made to TSS, contributions without which TSS would not have been able to operate at the level it did. For example, just one employee, Meister, provided critical support and infrastructure that TSS has proven incapable of replicating.

61.     Now that Meister is an employee of Link, Defendants are resorting to unlawful and tortious conduct to impede her and her new employer.

62.     By TSS's own admission, its website heralds 2024 as the company's "Year of Growth," attributing that growth to creator signings, "Colleen Rothschild Influencer Event," "LTK

Con," and "NYFW." Each of these initiatives was conceived, executed, and delivered by the very employees who left TSS and are now at Link.

63.     Now unable to compete at the same level, TSS, including Kent-Hume, Fonda and Rubinstein, have resorted to desperate and pathetic measures. They have blasted mass messages on LinkedIn and other social media platforms in an attempt to secure partners for their events, a glaring demonstration of their inability to source and maintain relationships with the key employees having left and joined Link.

64.     By contrast, those former TSS employees who are now at Link were wildly successful at securing partners through coordinated direct efforts for these same exact events. This further highlights why TSS has chosen to wage a campaign of harassment, intimidation, and interference against Link rather than face fair competition in the marketplace.

65.     Kent-Hume's and Rubinstein's misconduct extends even further. Kent-Hume repeatedly encouraged Rubinstein, which Rubinstein obliged, to obtain confidential information about Link so that the Defendants could plan their next malicious actions to interfere with Link's business.

66.     Kent-Hume and Rubinstein specifically sought to learn, among other information, which talent were on Link's roster, which talent Link was signing, Link's pay structure, Link's talent acquisition strategy, Link's revenue, and Link's marketplace and events activity. Kent-Hume and Rubinstein even sought to understand internal sentiment at Link as it related to the frivolous lawsuits he himself had instigated, lawsuits filed out of ego, hostility, and the Defendants fear of competing with the very former employees who were responsible for much of TSS's prior success.

Appendix 027

**Defamation, Slander, and Business Disparagement.**

67.    On June 27, 2025, TSS's counsel sent a threat to Link's counsel, accusing Link (with no factual basis) of posting negative comments about TSS on TikTok. Upon information and belief, beginning in June 2025, TSS, Kent-Hume, Fonda, Williams, Peters and Rubinstein have been publicly defaming Link, making false statements about Link, intending to damage Link's reputation and trying to prohibit Link from competing with TSS.

68.  On June 30, 2025, TSS, Kent-Hume, and Fonda made public defamatory, false statements about "slanderous" comments on TikTok about TSS, insinuating that Link made the comments with no evidence whatsoever, and only seeking to further slander and defame Link. This false statement that is independently false and defamatory per se was published to approximately 60 employees.

69. Specifically, TSS, Kent-Hume and Fonda stated "Yes, it is very clear who created this channel and the purpose of what this channel was created for." "[our attorneys] issued a cease and desist on Friday to Brooke and Link Management." These statements were made to approximately 60 employees and are entirely false. In fact, TSS, Kent-Hume, Fonda, Williams, Peters and Rubinstein were presented with evidence that this account was active years ago and is connected to other former TSS employees who are not affiliated with Link or its employees.

70. Kent-Hume, Fonda, Williams, Peters, and Rubinstein have repeatedly and continuously made public, defamatory statements accusing Link of involvement in the TikTok comments. These statements have been made to TSS employees, Creators, and others in the industry, with reckless disregard for the truth and for the sole purpose of damaging Link's reputation. Such false accusations

ORIGINAL PETITION

20

constitute defamation per se, as they directly impugn Link's integrity and business practices, striking at the very core of its professional reputation.

71. An employee at TSS provided Kent-Hume, Fonda, Williams, Peters and Rubinstein with direct evidence casting significant doubt that the TikTok comments originated from Link or anyone affiliated with Link. The evidence showed posts from the same account from several years ago that, in fact, bore material connections to two former TSS employees who have no affiliation whatsoever with Link.

72. Despite having this information in their possession, the Defendants willfully ignored the truth, as it contradicted their agenda, and they continued to spread false, defamatory accusations about Link. This conduct was malicious, reckless, and undertaken with actual knowledge, or, at minimum, reckless disregard, that their statements about Link were false.

73. Defendants have openly discussed their ongoing legal matters in California (filed by former employees) with at least 60 individuals. It is not unreasonable to assume that the TikTok comments are a result of this reckless disclosure by the Defendants and further underscores how quickly information spreads in this industry. By publicly making numerous false and defamatory statements about Link as contained herein, TSS has ensured that these lies will travel rapidly, multiplying their impact and causing widespread reputational harm. All of which exacerbates the damage to Link's credibility, its talent relationships, and its business opportunities.

74. TSS, Kent-Hume, Fonda, Williams, Peters, and Rubinstein, have also repeatedly accused Link and its employees of misconduct through knowingly false and defamatory statements. They have publicly asserted on multiple occasions that Link and its employees "did illegal things," "found loopholes in the law," and "didn't do things the right way."

---

ORIGINAL PETITION

75. These accusations are categorically false, made with actual malice, and intended to tarnish Link's professional reputation. Such statements constitute defamation per se, as they falsely impute unlawful conduct and unethical business practices directly to Link and its employees, striking at the core of their credibility and standing in the industry.

76. On June 30, 2025, TSS and Kent-Hume publicly made defamatory and false statements that Link's employees were not doing things the right way and were unprofessional. These statements, independently false and defamatory per se, were published to approximately 60 employees.

77. On one instance, Kent-Hume, in reference to two Link employees who had submitted their resignation notices at TSS, stated to approximately 60 employees: "I think we know there's a way to do things and there's a way not to do things." "There's a way to do it where you do it professionally and you do it proper."

78. Rubinstein made concerted efforts to dissuade at least one employee from being employed at Link.

79. During the very call in which this Link employee communicated her resignation if employment with TSS, Kent-Hume threatened to sue her and "ruin her career," despite having no legal or factual basis for such threats.

80. Following that, Rubinstein consistently told such employee that Link was "not doing things the right way" and that Link had done "illegal things."

81. Rubinstein has been mouthpiece for TSS and Kent-Hume, actively, and intentionally spreading defamatory and false statements about Link, including, Link was involved in the TikTok

Appendix 030

posts, Link was engaged in wrongdoing and acting improperly. These statements by Rubinstein were designed to disparage Link in the marketplace and damage its credibility with brand partners.

82. Rubinstein has defamed and disparaged Link to at least one brand partner. Such disparaging statements, made without any basis in fact, are calculated to damage Link's reputation and undermine its business relationships.

83. This conduct is yet another example of the Defendants deliberately spreading false and harmful narratives to interfere with Link's ability to secure opportunities for its Creator Clients. This is the heart of Link's business, and Defendants have sought to intentionally harm and sabotage Link's business through false character assassination, in every sliver of the industry.

84. TSS, Kent-Hume, and Fonda have actively rewarded Rubinstein for her tortious and illegal conduct directed toward Link.

85. As a reward for carrying out Kent-Hume and TSS's directives in their campaign to ruin Link by any means necessary, TSS granted Rubinstein extraordinary benefits. TSS told Rubinstein she could have whatever she wants.

86. Rubinstein requested a specific high-billing Creator who was represented by a different employee manager at TSS. In response, Kent-Hume, Fonda and TSS abruptly fired the TSS employee manager (who had been promoted just a few months earlier), on the day she returned from protected leave while her mother had brain surgery, apparently for the sole purpose of reallocating that high-billing talent to Rubinstein.

87. In addition, TSS paid Rubinstein a special bonus, on the condition that she not disclose any of the actions detailed herein to anyone. Rubinstein, accepted the money, entered the conspiracy, and carried out the tortious actions and directives given to her by Kent-Hume, Fonda, and TSS.

Appendix 031

**TSS's Website and Instagram Wholly Contradict the Defamation, Slander, and Lies.**

88. The TSS website prominently features numerous photos and videos of Link employees, including Brooke Meister, Sarah Halper, Julia Gosden, and Madison Bertini. If TSS, Kent-Hume, Fonda, Williams and Rubinstein genuinely believed their own false narrative that these individuals engaged in unlawful conduct, acted unprofessionally, or "did not do things the right way," it is entirely inconsistent that they would simultaneously use these same individuals to represent and promote their business on their website.

89. Remarkably, TSS's own website features Sarah Halper 13 times and Julia Gosden 9 times, along with multiple appearances by other Link employees. Even more striking, TSS's website contains only 11 substantive pages in total, meaning these employees are highlighted repeatedly, in some cases more than once per page. If TSS, Kent-Hume and Fonda genuinely believed their own accusations, it is inconceivable that they would choose to publicly showcase these individuals so prominently as representatives of their company.

90. These public images on TSS's website and Instagram are complete contradictions to Defendants' false statements that Link and its employees engaged in unlawful conduct, acted unprofessionally, or "did not do things the right way."

91. TSS published multiple *new* Instagram posts in August 2025, featuring the very Link employees they have targeted with these false and baseless accusations. If Defendants genuinely believed their own assertions, they would not simultaneously and actively be using Link's employees to publicly promote and represent The Sociable Society.

**TSS—Through and With Kent-Hume, Fonda, Peters, Williams, and Rubinstein—Interfere, with Link's Business.**

92. Williams admitted TSS's targeted, tortious interference toward Link when she told a TSS employee that it was *"ok if a talent goes to a competitor as long as it is not Link."* This statement is a direct acknowledgment that TSS's conduct is not about protecting legitimate business interests, but about singling out Link for malicious treatment. It underscores the retaliatory intent driving TSS's actions and confirms that their campaign of harassment, intimidation, and interference is motivated solely by fear of Link's success and a desire to damage Link's business.

93. To further interfere with Link's business, Williams and Peters, acting at the direction of Kent-Hume and Fonda, compiled a list of talent who merely followed Link's Instagram account and then scheduled discussions with those talent solely as a result of this effort.

94. TSS has never undertaken this practice with respect to any other competitor. This targeted conduct was aimed exclusively at Link, further evidencing TSS's malicious intent to tortiously interfere with Link's business, obstruct Link's growth and generate confusion and divert business away from Link.

95. Even more telling, this was the very first time that any member of TSS leadership (Kent-Hume, Fonda, Williams, or Peters) had ever attempted to engage directly with these Creators. Historically, TSS leadership has shown no interest in cultivating relationships with its own talent, underscoring that these sudden outreach efforts were not genuine relationship-building, but rather a retaliatory tactic intended solely to undermine Link.

**VII.**
**FIRST CAUSE OF ACTION**
**TORTIOUS INTERFERENCE**
(TSS, Kent-Hume, Fonda, Peters, Willaims, and Rubinstein)

96. Link realleges and incorporates by reference each and every foregoing paragraph of this Petition as though fully set forth herein.

97.     The conduct described above constitutes tortious interference with ongoing and prospective business and contractual relationships of Link.  Link has valid and existing business relationships with its Creator Clients.  Link invested heavily in creating a highly specialized and client-centric service.

98.     Link has existing and prospective business relationships with its customers. TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein have and will continue to intentionally interfere with these relationships.   This conduct was and is independently tortious and will proximately cause Link's damages.

99.     TSS, Kent-Hume, Fonda, Peters, Willaims, and Rubinstein's actions will further result in harm and actual damages to Link.

100.     Link has suffered and will continue to suffer damages in an amount according to proof at trial, but in no event less than the jurisdictional minimum of this Court.

101.     Link is also entitled to injunctive relief to stop TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein's ongoing irreparable damages that they are causing due to ongoing tortious conduct.

### VIII.
### SECOND CAUSE OF ACTION
### DEFAMATION, SLANDER, AND BUSINESS DISPARAGEMENT
(TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein)

102.     Link hereby restates and incorporates by reference each and every foregoing paragraph of this Petition as if set forth in full.

103.     TSS, Kent-Hume, Fonda, Peters, Willians, and Rubinstein made and/or published statements of fact regarding Link.  The statements were false and defamatory, seeking to harm Link.

104.    The statements published by TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein were defamatory per se.

105.    TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein acted with intent and malice.  In the alternative, Defendants acted with negligence in publishing, making, and repeating false statements about Link.

106.    As a result of TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein's false, defamatory statements about Link, Link has suffered and will continue to suffer damages, as well as immediate and irreparable harm, for which there is no adequate remedy at law.

107.    Link has suffered and will continue to suffer damages including pecuniary loss and other irreparable harm to do the acts and continued actions of Defendants.

**IX.**
**<u>THIRD CAUSE OF ACTION</u>**
**VIOLATION DECEPTIVE TRADE PRACTICES ACT**
(TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein)

108.    Link incorporates the foregoing paragraphs as if fully set forth herein.

109.    Link is a "consumer" as defined in Tex. Bus. & Com. Code § 17.45(4).

110.    Defendants engaged in false, misleading, or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.46(b), including but not limited to:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(7) Representing that goods or services are of a particular standard, quality, or grade when they are of another;

(12) Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;

(24) Failing to disclose information concerning goods or services which was known at the time of the transaction, and such failure to disclose was intended to induce the consumer into a transaction they would not have entered into had the information been disclosed.

111.    Defendant's actions were committed knowingly and/or intentionally, entitling Plaintiff to recover treble damages under Tex. Bus. & Com. Code § 17.50(b)(1).

112.    As a direct and proximate result of Defendants' DTPA violations, Link has suffered actual economic damages in an amount within the jurisdictional limits of this Court.

113.    Because Defendants' conduct was committed knowingly and/or intentionally, Link is entitled to recover up to three times its economic damages under § 17.50(b)(1).

114.    Plaintiff is also entitled to recover reasonable and necessary attorneys' fees under Tex. Bus. & Com. Code § 17.50(d).

## X.
## FOURTH CAUSE OF ACTION
### FRAUD
(TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein)

115.    Link incorporates all allegations in preceding paragraphs as if they were fully set forth herein.

116.    Defendants made a representation to Link's Creator Clients.

117.    The representation was material.

118.    The representation was false.

119.    When the Defendants made the representation, the Defendants:

(1)    knew the representation was false; or

(2)    made the representation recklessly, as a positive assertion, and without

Appendix 036

knowledge of the truth.

120.    Defendants made the representation with the intent that Link and its Creator Clients act on it.

121.    Link's Creator Clients relied on the representation.

122.    The representation caused Link and Link's Creator Clients injury.

123.    Defendants' actions were the producing cause of Link's damages.

## XII.

### FIFTH CAUSE OF ACTION
### CONSPIRACY
(TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein)

124.    Link incorporates all allegations in the preceding paragraphs as if they were fully set forth herein.

125.     Defendants were members of a combination of two or more persons.

126.    The object of the combination of some of Defendants was to accomplish:

(1)    An unlawful purpose; or

(2)    A lawful purpose by unlawful means.

143.    The members had a meeting of the minds on the object or course of action.

144.    One of the members committed an unlawful, overt act to further the object or course of action.

145.    Link suffered injury as a proximate result of the wrongful act.

Appendix 037

## XIII.
## ATTORNEYS' FEES

146.     Link hereby restates and incorporates by reference each and every foregoing paragraph of this Petition as if set forth in full and incorporate the allegations in all of the prior paragraphs of this Original Verified Petition.

147.     In accordance with Tex. Civ. Prac. & Rem. Code §38.001 *et. seq.*, Link is entitled to recover their reasonable attorney's fees incurred in prosecuting this action.

### PRAYER AND REQUEST FOR RELIEF

**WHEREFORE**, Link respectfully request that they obtain a judgment against Defendants as follows:

(A)     Injunctive relief to be issued against TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein as follows:

    a.     Prohibits TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein from making any defamatory or slanderous statements or communications about Link;

    b.     Prohibits TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein from tortiously interfering with Link's business, contractual relations, and potential contractual relations.

    c.     Orders TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein to cease utilizing or trying to force signatures on sham termination agreements with departing TSS Creators who are going to Link.

(B)     for judgment against TSS, Kent-Hume, Fonda, Peters, Williams, and Rubinstein based on the proof and evidence;

(C)     for prejudgment interest on the balance and any judgment found due at the highest rate provided by law;

(D)     for their attorney's fees through trial and all appeals; for post-judgment interest at the highest rate provided by law; for costs of suit;

(E)     exemplary damages; and

(F)    and for all other relief, in law or equity, to which DDC may show itself entitled.


                              Respectfully submitted,

                              KJ Partners LLP


                    By        _/s/ Jessica Brown Wilson_____
                              Jessica Renee Brown
                              State Bar No. 24048975
                              KJ Partners LLP
                              4849 Greenville Avenue, Suite 100-170
                              Dallas, TX  75206
                              Telephone:  469.586.6861
                              jessica@kjpartners.law

                              **ATTORNEYS FOR PLAINTIFF LINK
                              MANAGEMENT AGENCY LLC**

Appendix 039

# THE STATE OF TEXAS

**ESERVE**

# CITATION

**To:** **EMILY FONDA**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA 91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX 75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____ County, _____ | |
| For Notary | $_____ | By_____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

## CITATION

To:  **JAYZEME KENT-HUME**
     **4500 PARK GRANADA SUITE 202**
     **CALABASAS CA  91302**
     **OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

   Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

By_____, Deputy
    **ALICE TORRES**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

**To:** **LEXI RUBINSTEIN**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA  91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

 Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

Filed in said Court  **5th day of September, 2025** against

By: **ALICE TORRES**, Deputy

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME;**
**EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____.M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____County_____

# THE STATE OF TEXAS

**ESERVE**

# CITATION

**To:** **PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA  91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

## CITATION

**To:** **ROY PETERS**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA 91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

**ISSUED**
**on this the 11th day of September, 2025**

Filed in said Court  **5th day of September, 2025** against

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

By: **ALICE TORRES**, Deputy

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX 75206
469-586-6881
jessica@kjpartners.law

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:       To certify which witness my hand.

        For serving Citation   $_____    _____
        For mileage         $_____    of_____County, _____
        For Notary          $_____    By_____ Deputy
                  (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
        20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# THE STATE OF TEXAS

**ESERVE**

## CITATION

**To:** **SARA WILLIAMS**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA  91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME;**
**EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

By: **ALICE TORRES**, Deputy

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)
Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FILED
12/1/2025 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Harper Ream DEPUTY

## CAUSE NO. <u>DC-25-15595</u>

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **PISCO MEDIA GROUP, LLC, D/B/A THE** | § | |
| **SOCIABLE SOCIETY, et al.,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **Defendant(s).** | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Tuesday, November 25, 2025 at 4:17 PM,**
Executed at: **2411 WINDWOOD DR, WINCHESTER, VA 22601**
at **8:58 AM,** on **Wednesday, November 26, 2025,** by individually and personally delivering to the within named:

### SARA WILLIAMS

a true copy of this

### CITATION and ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared CHERYL ANDERSON who after being duly sworn on oath states: "My name is CHERYL ANDERSON. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Virginia. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**By:** _____
**CHERYL ANDERSON – Process Server**

**Subscribed and Sworn to by CHERYL ANDERSON, Before Me, the undersigned authority, on this 26th day of November, 2025.**

_____
**Notary Public in and for the State of Virginia**

Charles T. Proffitt
Commonwealth of Virginia
Notary Public

Commission No. 173948
My Commission Exp.10/31/2027

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE
## CITATION

**To:**  **SARA WILLIAMS**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA  91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



Appendix 053

**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
  vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____.M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

FILED
12/5/2025 4:11 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## CAUSE NO. <u>DC-25-15595</u>

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| *vs.* | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **PISCO MEDIA GROUP, LLC, D/B/A THE** | § | |
| **SOCIABLE SOCIETY, JAYZEME KENT-** | § | |
| **HUME, EMILY FONDA, ROY PETERS,** | § | |
| **SARA WILLIAMS, and LEXI RUBINSTEIN,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| *Defendants.* | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Friday, November 21, 2025 at 7:58 AM,**
Executed at: **5301 CALATRANA DRIVE, WOODLAND HILLS, CA 91364**
at **12:25 PM,** on **Monday, December 1, 2025,**
by individually and personally delivering to the within named:

### JAYZEME KENT-HUME

a true copy of this

### CITATION and ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared JAIME FIGUEROA who after being duly sworn on oath states: "My name is JAIME FIGUEROA. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of California. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
JAIME FIGUEROA Reg. No. 3204 Los Angeles County
served@specialdelivery.com

Subscribed and Sworn to by JAIME FIGUEROA, Before Me, the undersigned authority, on this _____ day of December, 2025.



BRUCE J. ANDERSON
Notary Public - California
Los Angeles County
Commission # 2460705
My Comm. Expires Aug 24, 2027

_____
Notary Public in and for the State of California

FORM NO.  353-3—CITATION

# THE STATE OF TEXAS

**To:**   **JAYZEME KENT-HUME**
    **4500 PARK GRANADA SUITE 202**
    **CALABASAS CA  91302**
    **OR WHEREVER FOUND**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of
twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be
taken against you. In addition to filing a written answer with the clerk, you may be required to make
initial disclosures to the other parties of this suit. These disclosures generally must be made no later than
30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer
should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas
75202.

 Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME;**
**EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
    **ALICE TORRES**



---

**ESERVE**

# CITATION

No.: **DC-25-15595**

---

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

---

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

---

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which

witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

FILED
12/5/2025 4:11 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## CAUSE NO. DC-25-15595

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| **vs.** | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **PISCO MEDIA GROUP, LLC, D/B/A THE** | § | |
| **SOCIABLE SOCIETY, JAYZEME KENT-** | § | |
| **HUME, EMILY FONDA, ROY PETERS,** | § | |
| **SARA WILLIAMS, and LEXI RUBINSTEIN,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| *Defendants.* | § | |

## RETURN OF SERVICE

Came to my hand on **Friday, November 21, 2025 at 7:58 AM,**
Executed at: **5301 CALATRANA DRIVE, WOODLAND HILLS, CA 91364**
at **3:34 PM, on Monday, December 1, 2025,** by delivering to the within named:

### PISCO MEDIA GROUP, LLC D/B/A THE SOCIABLE SOCIETY

by personally delivering to **Authorized Representative, JAYZEME KENT-HUME**
a true copy of this

### CITATION and ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared JAIME FIGUEROA who after being duly sworn on oath states: "My name is JAIME FIGUEROA. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of California. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**JAIME FIGUEROA – Reg. No. 3204 Los Angeles County**
served@specialdelivery.com

Subscribed and Sworn to by JAIME FIGUEROA, Before Me, the undersigned authority, on this
___ day of December, 2025.

BRUCE J. ANDERSON
Notary Public · California
Los Angeles County
Commission # 2460705
My Comm. Expires Aug 24, 2027

_____
Notary Public in and for the State of California

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**  **PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA  91302**
**OR WHEREVER FOUND**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME;
EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered <u>DC-25-15595,</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



---

**ESERVE**

# CITATION

No.: <u>DC-25-15595</u>

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX  75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____



FILED
12/5/2025 4:10 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## CAUSE NO. <u>DC-25-15595</u>

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| *vs.* | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **PISCO MEDIA GROUP, LLC, D/B/A THE** | § | |
| **SOCIABLE SOCIETY, JAYZEME KENT-** | § | |
| **HUME, EMILY FONDA, ROY PETERS,** | § | |
| **SARA WILLIAMS, and LEXI RUBINSTEIN,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| *Defendants.* | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Friday, November 21, 2025 at 7:58 AM,**
Executed at: **5301 CALATRANA DRIVE, WOODLAND HILLS, CA 91364**
at **12:25 PM, on Monday, December 1, 2025,**
by individually and personally delivering to the within named:

### EMILY FONDA

a true copy of this

### CITATION and ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared JAIME FIGUEROA who after being duly sworn on oath states: "My name is JAIME FIGUEROA. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of California. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**JAIME FIGUEROA – Reg. No. 3204 Los Angeles County**
served@specialdelivery.com

Subscribed and Sworn to by JAIME FIGUEROA, Before Me, the undersigned authority, on this _____ day of December, 2025.

BRUCE J. ANDERSON
Notary Public · California
Los Angeles County
Commission # 2460705
My Comm. Expires Aug 24, 2027

_____
**Notary Public in and for the State of California**

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

# CITATION

To: **EMILY FONDA**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA 91302**
**OR WHEREVER FOUND**

No.: **DC-25-15595**

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**ISSUED**
on this the 11th day of September, 2025

Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

Filed in said Court **5th day of September, 2025** against

By: **ALICE TORRES**, Deputy

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME;**
**EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE.
SUITE 100-170
DALLAS TX 75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

              For serving Citation  $_____        _____

              For mileage          $_____   of_____ County, _____

              For Notary           $_____   By_____ Deputy

                           (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
              20_____, to certify which witness my hand and seal of office.


                                 _____
                                 Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

FILED
12/31/2025 10:56 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

Case 3:26-cv-00076-N     Document 1-1     Filed 01/12/26     Page 64 of 88     PageID 69

CAUSE NO. <u>DC-25-15595</u>

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| vs. | § | **95TH JUDICIAL DISTRICT** |
| | § | |
| **PISCO MEDIA GROUP, LLC, D/B/A THE** | § | |
| **SOCIABLE SOCIETY, et al.,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |
| | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, December 11, 2025 at 2:54 PM,**
Executed at: **5350 BRIDGE ST, APT. 5201, TAMPA, FL 33611**
at **4:00 PM,** on **Saturday, December 20, 2025,** by individually and personally delivering to the within
named:

### LEXI RUBINSTEIN

a true copy of this

### CITATION and ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared TIM ANGEL who after being duly sworn on oath
states: "My name is TIM ANGEL. I am a person over eighteen (18) years of age and I am competent to make this affidavit.
I am a resident of the State of Florida. I have personal knowledge of the facts and statements contained in this affidavit
and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no
interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____ 14-817175

TIM ANGEL – Process Server

Subscribed and Sworn to by TIM ANGEL, Before Me, the undersigned authority, on this
30th day of December, 2025.

_____
Notary Public in and for the State of Florida


JERHID ZELL
Notary Public-State of Florida
Commission # HH 638305
My Commission Expires
April 03, 2029

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

## CITATION

**To:**   **LEXI RUBINSTEIN**
**4500 PARK GRANADA SUITE 202**
**CALABASAS CA 91302**
**OR WHEREVER FOUND**

**No.: DC-25-15595**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

  Said Plaintiff being **LINK MANAGEMENT AGENCY, LLC**

Filed in said Court  **5th day of September, 2025** against

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY; JAYZEME KENT-HUME; EMILY FONDA; ROY PETERS; SARA WILLIAMS; LEXI RUBINSTEIN**

For Suit, said suit being numbered **DC-25-15595,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**LINK MANAGEMENT AGENCY, LLC**
**vs.**
**PISCO MEDIA GROUP LLC, et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**JESSICA B. WILSON**
4849 GREENVILLE AVE
SUITE 100-170
DALLAS TX 75206
469-586-6881
jessica@kjpartners.law
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-25-15595

Court No.: 95th District Court

Style: LINK MANAGEMENT AGENCY, LLC
 vs.
PISCO MEDIA GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which

witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

RETURN / AFFIDAVIT
PROOF / ATTACHED

Docusign Envelope ID: EEEB64EE-4E17-4D4C-AD39-8815D4A7CC44

FILED
12/29/2025 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nia Searl DEPUTY

CAUSE NO. DC-25-15595

| | | |
|---|---|---|
| LINK MANAGEMENT AGENCY LLC, | § | |
| | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 95th JUDICIAL DISTRICT |
| PISCO MEDIA GROUP LLC D/B/A THE | § | |
| SOCIABLE SOCIETY, JAYZEME KENT- | § | |
| HUME, EMILY FONDA, ROY PETERS, | § | |
| SARA WILLIAMS, and LEXI RUBINSTEIN, | § | DALLAS COUNTY, TEXAS |

**PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY, JAYZEME KENT-HUME, EMILY FONDA, AND SARA WILLIAMS' VERIFIED SPECIAL APPEARANCE; and ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE**

Pisco Media Group LLC d/b/a The Sociable Society ("TSS"), Jay Kent-Hume ("Kent-Hume"), Emily Fonda ("Fonda"), and Sara Williams ("Williams") (collectively, "Defendants") file this Verified Special Appearance; and Original Answer Subject to Special Appearance and respectfully show the Court the following:

**SPECIAL APPEARANCE**

**I.    INTRODUCTION**

1.      Link Management Agency LLC ("Plaintiff") has improperly named Defendants in this action because the Court does not have jurisdiction over them.

2.      None of the Defendants have purposefully availed themselves of the jurisdiction of this Court so as to give rise to specific jurisdiction.

3.      Nor do any of the Defendants have continuous and systematic contacts with the State of Texas sufficient to give rise to general jurisdiction.

4.      The only allegations even remotely tied to Texas that Plaintiff makes are that Defendants have continuous and systematic contact with Texas through: i) "at least five Texas employees"; ii) networking and holding meetings in Dallas; iii) advertising to have meetings and

networking in Dallas; and iv) by directing allegedly tortious conduct to Plaintiff in Texas. *See* Pet. at ¶¶ 7 - 20.

5.      As discussed below, the Texas Rules of Civil Procedure and relevant Texas case authority make clear that Plaintiff's assertions are insufficient to allow this Court to exercise jurisdiction over any Defendant, all of whom are non-residents of Texas.

6.      Pisco Media Group LLC dba The Sociable Society is a limited liability company based in Calabasas, California that does not have offices or co-working space in Texas, nor does it have a registered agent in Texas.

7.      Mr. Kent-Hume is an individual and resident of California who has no ties to Texas.

8.      Ms. Fonda is an individual and resident of California who has no ties to Texas.

9.      Ms. Williams is an individual and resident of Virginia who has no ties to Texas, and whom has never been to the state of Texas.

10.     Defendants file this Special Appearance to challenge the jurisdiction of this Court under TEX. R. CIV. P. 120a and to object to this Court's exercise of jurisdiction over them.

11.     This Special Appearance is filed before any motion to transfer or any other plea, pleading, or motion.

12.     As explained more fully below, this Court should grant Defendant's Verified Special Appearance because this Court lacks personal jurisdiction over either of them.

II.     **BACKGROUND**

13.     Plaintiff, a corporate entity that began doing business in Texas in June 2025 according to the Petition,  brings this suit in Texas as a corporate entity against Defendants relating to alleged fraud, tortious interference, defamation, and violation of the Texas DTPA[1] as an apparent mirror suit

---

[1] Defendants reserve the right to further challenge the claims brought against them, subject to a determination on this Verified Special Appearance.

to an ongoing suit in California brought by multiple of Plaintiff's employees against Defendants for related claims.[2]

14.    Plaintiff's Petition alleges that Plaintiff is a newly formed competitor to Defendants and that the two companies often represent similar clients in the social media influencer marketing industry. However, Plaintiff cannot overcome the fact that they are based in Texas whereas Defendants are based in California.

15.    Bottom line, Plaintiff's Petition does nothing to address the undeniable reality that *Defendants are not based in Texas, do not have ties to Texas, and do not conduct sufficient business in Texas to be hailed into Texas courts*.

16.    There are no set of facts that can establish minimum contacts – let alone sufficient minimum contacts – for the Court to exercise personal jurisdiction over any Defendant. For the reasons discussed below, the Court should grant Defendants' Verified Special Appearance.

## III.    ARGUMENTS AND AUTHORITIES

### A.    Legal Standard

17.    "Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). This court must have personal jurisdiction over each defendant to issue a binding judgment. *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 346 (Tex. 2023). The plaintiff has the initial burden to plead sufficient personal jurisdictional allegations to bring a nonresident defendant within the power of a Texas court under the Texas Long Arm Statute. *Old Republic Nat. Title Ins. Co. v. Bell*, 549 S.W.3d 550, 559 (Tex. 2018).

18.    When a plaintiff fails in this initial pleading duty, by vaguely pleading the actions taken

---

[2] *See Brooke Meister, Julia Rogers, and Sarah Halper, Individually and on behalf of similarly situated class members, does 1-100, v. Pisco Media Group LLC d/b/a The Sociable Society and Jayzeme Kent-Hume, and Emily Fonda*, Case No. 25STLC03532 in the California Superior Court for Los Angeles County.

or stating their link with Texas in such a conclusory manner that the Defendant's personal jurisdiction cannot be easily determined from the face of the pleadings, the Defendant can be dismissed upon a simple showing that he does not reside in Texas. *Id.*; *see also TMX Fin. Holdings, Inc. v. Wellshire Fin. Servs., LLC*, 515 S.W.3d 1, 7 (Tex. App. – Houston [1st Dist.] 2016). This negates the plaintiff's jurisdictional allegations, forcing Plaintiff to come forward with actual evidence supporting its claim that Texas may properly assert jurisdiction, and the plaintiff must then "establish[] the requisite link with Texas." *TMX Fin. Holdings, Inc.*, 515 S.W.3d at 8.

19.     If a Plaintiff is successful in reaching its pleading threshold to show jurisdictional facts exist, then the burden shifts, and defendant must negate all bases of personal jurisdiction that are alleged by the Plaintiff, on a factual or legal basis. *Id.* "Once the defendant has produced credible evidence negating all bases of jurisdiction, the plaintiff bears the ultimate burden to establish that the Texas court has personal jurisdiction over the defendant as a matter of law." *Vak v. Net Matrix Sols., Inc.*, 442 S.W.3d 553, 558 (Tex. App.–Houston [1st Dist.] 2014, no pet.) (quoting *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 (Tex. App.–Corpus Christi 1999, no pet.)).

20.     In this analysis, "Courts examine specific personal jurisdiction on a 'claim-by-claim' basis unless all claims arise from the same forum contacts." *See State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413 (Tex. 2023) ("Specific jurisdiction "involves a 'claim-by-claim' analysis that focuses on the relationship between the defendant, the forum state, and the operative facts of the litigation.").

21.     When, as here, a Plaintiff alleges multiple actions against multiple defendants, based upon different factual grounds, the jurisdictional analysis must necessarily be parsed, and forum contacts must be carefully held separate between entities and claims. *See, e.g.*, *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657-58 (Tex. 2010) (analyzing fraud and trust fund claims separately for jurisdictional purposes).

22.     A trial court should resolve a party's special appearance based on the pleadings, any

stipulations between the parties, affidavits and attachments filed by the parties in their pleadings and responses, relevant discovery, and any oral testimony put forth before the court. Tex. R. Civ. P. 120a(3).

23.    Texas courts may exercise personal jurisdiction over foreign defendants in accordance with the Texas long-arm statute. Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045. Plaintiff bears the initial burden of pleading facts sufficient to bring Defendants within the reach of the Texas long-arm statute. *Id.; BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Plaintiff failed to meet its burden of pleading sufficient jurisdictional facts, and the facts alleged, as a matter of law, are insufficient to justify the exercise of personal jurisdiction.

24.    Personal jurisdiction over a foreign defendant is only constitutional when the defendant has **purposefully availed** itself of the forum state by establishing minimum contacts and such exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

25.    Purposeful availment is the touchstone of the jurisdictional due process analysis. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 679 (Tex. 2022); *Michiana Easy Livin' Country v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). A foreign defendant's activities must be **purposefully directed toward the forum state** so that the nonresident defendant could foresee being hauled into court there. *See Burger King*, 471 U.S. at 474. There are three parts to a purposeful availment inquiry: (1) only the nonresident defendant's contacts with the forum are relevant; (2) the contacts relied on must be purposeful rather than random, fortuitous, or attenuated; and (3) the nonresident defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. *Michiana*, 168 S.W.3d at 785; *see also Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). "Jurisdiction is based on notions of implied consent—that by invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Michiana*, 168 S.W.3d at 785.

26.     On the first prong, particularly in situations involving tort actions taken individually, allegations that a tort was generally committed in Texas do not satisfy the United States Constitution minimum contacts analysis. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149.

27.     General jurisdiction exists when a defendant's contacts with a forum are continuous and systematic such that the trial court can exercise jurisdiction even if the plaintiff's claims do not arise out of or otherwise relate to the defendant's contacts. *BMC Software*, 83 S.W.3d at 796. A general-jurisdiction analysis focuses "not [on] the number, but the **quality and nature** of the nonresident's contact with the forum state." *Alenia Spazio, S.P.A. v. Reid*, 130 S.W.3d 201, 213 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (emphasis supplied).

28.     For a court to exercise specific jurisdiction over a nonresident defendant, two requirements must be met: (1) the nonresident defendant's contacts with the forum state must be purposeful; and (2) the cause of action must arise from or relate to those contacts. *Burger King*, 471 U.S. at 474-75; *Moki Mac*, 221 S.W.3d at 576. For contacts to support specific jurisdiction, "there must be a substantial connection between those contacts and the operative facts" of each claim. *Moki Mac*, 221 S.W.3d at 585.

29.     As discussed below, Plaintiff cannot establish general or specific jurisdiction for any Defendant. No Defendant conducts substantial activities within the State of Texas sufficient to justify a Texas court's exercise of general jurisdiction over them. Additionally, there is no evidence to support a finding that any allegation as pled by Plaintiff sufficiently arises from or relates to Defendants' contacts with Texas, **if any**, sufficient to justify a Texas court's exercise of specific jurisdiction over them. Accordingly, Defendants' Special Appearance should be granted.

### B.     General Jurisdiction Does Not Exist Over Any of the Defendants

30.     "General jurisdiction relies on the defendant itself being tied up—almost entangled in a web—with the forum state." *Searcy v. Parex Resources, Inc.*, 496 S.W.3d 58, 72 (Tex. 2016).

31.    For a court to assert general jurisdiction over corporations, the forum must be **equivalent to a person's domicile**—a place in which the corporation is fairly regarded as at home. *Daimler AG v.* Bauman, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).

32.    "Courts do not have general jurisdiction over corporate defendants that are **neither incorporated in the forum state nor have their principal place of business there**, absent some relatively substantial contacts with the forum state." *Searcy*, 496 S.W.3d at 72 (emphasis supplied).

33.    Here, it is undisputed that Defendants are California individual residents and an entity with its principal places of business in California and none have substantial contacts with Texas.

34.    Further, Defendant TSS:

    a.   is not registered with the Secretary of State of Texas;

    b.   has never opened or maintained a bank account in Texas;

    c.   does not conduct substantial business in Texas;

    d.   As Plaintiff alleged, TSS has had representatives visit Texas on a total of four times--for trade conferences in October 2023, September 2024, March 2025, and September 2025—and **three of these four trade conference visits occurred *before* Plaintiff alleges it began doing business in June 2025;**

    e.   does not, and never has, maintained a place of business, office, co-working space, or any other physical presence in Texas;

    f.   does not have any registered agent appointed for service of process in Texas;

    g.   have only eight **remote employees** (none of whom who are parties to this suit) out of sixty-one total employees who reside in Texas for the employees' personal convenience;

    h.   does not own or operate any TSS vehicles in Texas;

    i.   has never acquired property in Texas; and

j.  have no substantial ties to Texas such that it could be considered to be "at home" in Texas.

*See* Defendant TSS Verification.

35.    Defendant Williams has never been to the state of Texas, and is simply an employee of TSS. *See* Defendant Williams Verification. Nor does Plaintiff allege that Williams has ever been to Texas, advertised in Texas, or done business in Texas. *See* Petition, generally.

36.    Defendant Kent-Hume has been to Texas twice for a total of nine days—both visits were for trade conferences. That attendance occurred in September 2024 and March 2025—both before Plaintiff began doing business in June 2025. *See* Kent-Hume Verification.

37.    Defendant Fonda has only been to Texas twice as well, for a total of five days—both visits were for trade conferences. One visit occurred in December 2024 for a Christmas party—well before Plaintiff started doing business in June 2025—and the other in September 2025 for a trade conference. *See* Fonda Verification.

38.    Simply attending a few general conferences and posting about them online is insufficient to establish personal jurisdiction over Defendants in Texas. See *Ashdon, Inc. v. Gary Brown & Assocs., Inc.*, 260 S.W.3d 101, 113-14 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Brown's travel to attend sales meetings does not satisfy general jurisdictional principles because Brown did not choose to travel to Texas."); *see also, PHC-Minden, L.P, v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 170 (Tex. 2007) (noting that employees attending meetings in Dallas as part of their employment does not establish general jurisdiction). Importantly, two or three visits a year do not rise to the level of continuous and systematic contacts. See *Moni Pulo Ltd. v. Trutec Oil & Gas, Inc.*, 130 S.W.3d 170, 179 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("[I]t is difficult to say that two or three visits a year are continuous and systematic."); *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 809 (Tex.2002) (attendance at five Texas conferences did not support the exercise of personal

jurisdiction); *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110, 124 (Tex.App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.) ("Occasional travel to Texas is insufficient by itself to establish continuous and systematic contact.").

39.     Plaintiff offers no evidence to the contrary. Under these circumstances, Texas hardly could be described as "at home" to any Defendant. *Searcy*, 496 S.W.3d at 72.

40.     Indeed, Plaintiff would like this Court to believe jurisdiction is proper on the simple notion that Defendants attended a few conferences in Texas and posted online references to attending those conferences, yet that basis is belied by both Texas state and federal case law.

41.     Because Defendants lack sufficient contacts with Texas, this Court cannot exercise general jurisdiction over either of them.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984) (finding no jurisdiction when the contacts with the forum state include attendance at a contract-negotiations meeting, acceptance of checks drawn on a state bank, the purchase of helicopters, equipment and services from that forum and training of personnel in the state).

### C.     Specific Jurisdiction Does Not Exist Over Any of the Defendants

42.     "[T]he United States Supreme Court has emphasized that the *defendant's* relationship, not the *plaintiff's* relationship, with the forum state is the proper focus of the specific jurisdiction analysis; that is, courts must consider the relationship between the defendant, the forum state, and the litigation." *Searcy*, 496 S.W.3d at 67.

43.     Regarding the second prong, "attenuated" activities cannot satisfy specific jurisdiction; due process requires that an action be precise enough to knowingly engage in the event precipitating jurisdiction. *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 886 (Tex. 2017) (discussing that events cannot be "random, isolated or fortuitous"); *Moki Mac River Expeditions*, 2221 S.W.3d at 588 (**generalized promotional activities** by company in Texas **insufficient to satisfy due process** because "substantial connection" needed) (emphasis supplied).

44.     As discussed above, "the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute." *Kelly*, 301 S.W.3d at 658. If the plaintiff fails to plead facts bringing the foreign defendant within reach of the long-arm statute, "the defendant need only prove that it does not live in Texas to negate jurisdiction." *Id.* at 658-59. *Here, there are no allegations that bring Defendants within the reach of the long-arm statute.* Thus, Defendants need only prove they do not reside in Texas to negate jurisdiction. Defendants are a California company and nonresidents of Texas. *See* Defendants' Verifications, respectively. Thus, specific jurisdiction does not exist over Defendants. There simply are no contacts between any of the Defendants and Texas that relate to Plaintiff's claims and, more importantly, none pled.

45.     Further, Plaintiff fails its burden to prove specific jurisdiction because there is no arising out of or related to Texas contacts. This case and controversy involves claims for alleged tortious interference with existing and prospective business contacts; defamation, slander, and business disparagement; violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"); fraud; and conspiracy. *See* Pet. at ¶¶ 96 - 145. The allegations must be "case-linked" between the forum action alleged and the underlying controversy. *Booth v. Kontomitras*, 485 S.W.3d 461 (Tex. App.—Beaumont 2016).

46.     Plaintiff must establish (factually within its pleadings and in response to Defendants' controverting verifications) that Plaintiff's tort actions specifically arise out of or relate to Defendants' individual contacts with the state of Texas (if any, and there are none).

47.     These contacts must have taken place in or been directed toward Texas. Yet, nothing pleaded by Plaintiff asserts anything but vague contacts to a few Texas conferences. *See* Pet. at ¶¶ 9 - 18. None of the Texas events or alleged marketing targeted at Texas relates to Plaintiff's claims against Defendants. *See Ashdon, Inc.*, 260 S.W.3d at 113-14; *see also, PHC-Minden, L.P.*, 235 S.W.3d at 170.

Docusign Envelope ID: EEEB64EE-4E17-4D4C-AD39-8815D4A7CC44

48.     Similarly, a bald allegation of a conspiracy directed at Texas is not sufficient to confer personal jurisdiction over a nonresident defendant. *Old Republic*, 549 S.W.3d at 550; *Booth v. Kontomitras*, 485 S.W.3d 461 (Tex. App. – Beaumont 2016); *see also PHC–Minden*, 235 S.W.3d at 174–75 (stating that fraud, though "vital" to underlying attempt to pierce corporate veil, "has no place in assessing contacts to determine jurisdiction"); *Nat'l Indus. Sand Ass'n*, 897 S.W.2d at 776 (declining to recognize personal jurisdiction based solely on allegations of conspiracy where there is no evidence of conspiratorial acts in or directed to Texas); *Masterguard, L.P. v. Eco Techs. Int'l LLC*, 441 S.W.3d 367, 376 (Tex.App. —Dallas 2013, no pet.) ("A conspiracy claim alone is not enough to establish personal jurisdiction.").

49.     In *Old Republic*, a personal-jurisdiction dispute arose from a series of money transfers between a Texas resident and a Louisiana resident in connection with the sale of Texas property. Old Republic title insurance claimed the Louisiana resident participated in a fraud, suing (like Plaintiff here) under the Texas Uniform Fraudulent Transfers Act. *Old Republic*, 549 S.W.3d at 550. The Texas Supreme Court held that (1) speaking with a Texas resident weekly by telephone, (2) making 81 money transfers to a Texas bank account totaling hundreds of thousands of dollars, (3) knowing the funds involved a Texas resident and bank account, and (4) depositing sales proceeds from Texas real property was NOT sufficient to confer specific personal jurisdiction. *Id.* The court there noted that the underlying merits of the case cannot be considered; only the quality and nature of the Texas contacts alleged. *Id.*

50.     Defendants employ only eight employees in Texas, all of which are remote employees. Federal district courts across the country have held that remote work situations, without more, do not support a finding of minimum contacts. *Parks v. LoadStop, Inc.*, No. CV H-23-4570, 2024 WL 4452946, at *5 (S.D. Tex. Apr. 22, 2024) (citing *Wiseman v. Ravyn Group, Inc.*, No. C23-1281-JCC, 2023 WL 8472806, at *3 (W.D. Wash. December 7, 2023) (granting motion to dismiss for lack of personal

jurisdiction because "Defendants did not expressly aim their activities at Washington by simply employing Plaintiff")).[3]

51.    Significantly, Plaintiff admits it did not begin doing business until June 2025. See Pet. at ¶¶9, 12 . So, all pre-June 2025 jurisdictional allegations are entirely irrelevant in the jurisdictional inquiry. *See id.* at ¶¶ 7 – 20. The only July 2025 – onward jurisdictional allegations amount to a sole complaint: Defendants posting online that they would attend a conference in September 2025 in Frisco. Plaintiff does not even allege in its Petition that Defendants in fact attended the September 2025 conference in Frisco, only that they planned to attend.

52.    Plaintiff cannot demonstrate evidence that Defendants specifically used Texas to seek a personal benefit or advantage from the few conferences attended in Texas. Because mere allegations of tort activity are insufficient to establish personal jurisdiction, and because the underlying merits may not be determined to answer the jurisdictional question, no purposeful availment can be found in Texas.

### D.    Even If There Were Sufficient Minimum Contacts, Exercising Personal Jurisdiction Over Defendants Would Run Afoul Of Fair Play And Substantial Justice

53.    Even if Plaintiff could establish sufficient evidence Defendants had purposefully availed themselves of the laws of Texas (Plaintiff cannot), this Court should decline to exercise personal jurisdiction over them because to do so would violate traditional notions of fair play and substantial justice. *See Helicopteros*, 466 U.S. 408, 413-14; *see also U-Anchor Advertising*, 553 S.W.2d at 763

---

[3] *See also, Jester v. RS Diving Contractor, GMBH*, C.A. No. H-21-476, 2021 WL 3832811, *6-*7 (April 4, 2021) (granting motion to dismiss for lack of personal jurisdiction because remote working employee failed to allege facts showing that employer sought to have work conducted in Texas specifically); *Bertolini-Mier v. Upper Valley Neurology Neurosurgery, P.C.*, No. 5:16-CV-35, 2017 WL 4081901, at *5 (D. Vt. September 13, 2017) (employer's knowledge and facilitation of remote work was "not a purposeful effort" to have the work conducted in the forum); *Perry v. National Association of Home Builders of the United States*, CV No. TDC-20-0454, 2020 WL 5759766, at *5 (D. Md. Sept. 28, 2020) ("[i]n remote-work cases ... a defendant's mere knowledge that an employee happens to reside in the forum state and conduct some work from home does not constitute purposeful availment.").

(declining to exercise jurisdiction over out-of-state defendant because it would offend traditional notions of fair play and substantial justice; finding the "only contact of [defendant] with Texas consisted of his execution of a contract stipulating that certain payments were to be made in Amarillo and his remittance of several payments to [plaintiff] in Amarillo. Thus, the quality, nature, and extent of [defendant's] activity in Texas is minimal. Indeed, it can be said that [defendant] has engaged in no "activity" in Texas, his only "activity" being the preparation and mailing of checks from his place of business in Oklahoma.").

54.    Defendants are nonresidents of Texas and are residents of California and Virginia. None have sufficient ties to Texas to warrant bringing them into a lawsuit here. Moreover, Texas has no overriding interest in exercising jurisdiction over either of them to adjudicate this dispute.

55.    If Plaintiff wants to pursue a lawsuit against Defendants, it may do so in California. Indeed, three of Plaintiff's current employees, including one of its managing directors already have.[4] Plaintiff's own admission that there is currently an ongoing lawsuit between Plaintiff's employees and Defendants sharing some of the same key alleged facts of this suit further evidences that Plaintiff and its employees are abusing judicial economy and efficiency by bringing this related suit with nearly identical facts and similar law in a second state (Texas) when the litigation has been ongoing since May 1, 2025 in California.[5] Plaintiff was and is free to bring this litigation in California, just like the ongoing suit, Case No. 25STLC03532, brought in California by its employees, to further the cause of judicial efficiency, and this Court should require Plaintiff to do so.

---

[4] *See Brooke Meister, Julia Rogers, and Sarah Halper, Individually and on behalf of similarly situated class members, does 1-100, v. Pisco Media Group LLC d/b/a The Sociable Society and Jayzeme Kent-Hume, and Emily Fonda,* Case No. 25STLC03532 in the California Superior Court for Los Angeles County; *See Ashdon, Inc. v. Gary Brown & Associates, Inc.,* 260 S.W.3d 101, 118 (Tex. App.—Houston [1st Dist.] 2008): "Here, Brown points out that he is a resident of Florida and that his corporation does business in Florida. He also points out that all of his employees reside in Florida and that defending the suit in Texas would cause a hardship. Testimony presented during the special appearance hearing showed that **the parties have already litigated a lawsuit in Florida regarding a breach of the employment contract between Brown and Ashdon. Thus, the interstate judicial system would benefit from trying this case in the same locale as the first suit to provide better efficiency**." (emphasis added).
[5] *See* Pet. at ¶11; *see also, Ashdon, Inc.,* 260 S.W.3d at 118.

56.     Declining to exercise jurisdiction over Defendants would not leave Plaintiff without a remedy. Weighing due process and fairness, Texas should decline to exercise jurisdiction over Defendants.

## IV.   CONCLUSION

57.     Because Defendants are not residents of Texas, lack minimum contacts with Texas, and exercising personal jurisdiction over them would offend traditional notions of fair play and substantial justice, the Court should grant Defendants' Special Appearance.

Docusign Envelope ID: EEEB64EE-4E17-4D4C-AD39-8815D4A7CC44

<u>**ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE**</u>

Defendants file their Original Answer Subject to Special Appearance and respectfully state the following:

**A.    GENERAL DENIAL**

Subject to their Special Appearance, and without waiving the same, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, allegations set forth in Plaintiff's Petition and demand strict proof thereof.

**B.    AFFIRMATIVE DEFENSES**

1.    Subject to their Special Appearance, and without waiving the same, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses and to raise any and all defenses which may become apparent in the course of this action as they obtain further information about the claims alleged in Plaintiff's Petition.

2.    Plaintiff has failed to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred, in whole or in part, because they have no basis in law or fact. Defendants affirmatively allege that Plaintiff's claims are (i) brought for an improper purpose, including harassment, delay, or increasing the cost of litigation, or (ii) groundless and brought in bad faith or for harassment. Accordingly, Defendants are entitled to recover and request judgment for their reasonable and necessary attorneys' fees and litigation costs and/or other appropriate sanctions for Plaintiff's frivolous suit.

4.    Plaintiff's claims are barred, in whole or in part, because Defendants did not breach any contractual or legal duty owed to Plaintiff.

5.    Plaintiff's claims are barred because no act or omission by Defendants caused damages to Plaintiff.

6.      Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, laches, and unclean hands.

7.      To the extent not incorporated above, and subject to and without waiving the Special Appearance and the General Denial, Defendants raise all affirmative defenses available under the law of Texas or any other applicable state law and reserve the right to plead additional defenses and amend or supplement this pleading where permitted by the Rules, at law, or in equity.

### RELIEF REQUESTED

For these reasons, Defendants ask the Court to grant their Special Appearance, based upon the pleadings, verifications, and evidence, and sign a final judgment dismissing Plaintiff's suit. In the alternative, Defendants respectfully request that the Court find Plaintiff take nothing by way of its suit, that judgment be entered in Defendants' favor, that all costs be taxed against Plaintiff, and for such other relief, general and specific, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Gemma R. Galeoto*
Gemma R. Galeoto
State Bar No. 24061047
ggaleoto@cbsattorneys.com
Blake J. Brownshadel
State Bar No. 24073969
bbrownshadel@cbsattorneys.com
CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 981-9200
Facsimile: (214) 981-9203

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing instrument was served on Plaintiff's counsel through the Court's e-service.

_/s/ Gemma R. Galeoto_
Gemma R. Galeoto

## VERIFICATION OF JAY KENT-HUME

My name is Jay Kent-Hume. I am over eighteen years of age and am fully competent to make this declaration, My business address is 4500 Park Granada, Suite 202, Calabasas, CA 91302. I declare under penalty of perjury that every factual statement contained therein relating to my work contacts with Texas in the Verified Special Appearance are within my personal knowledge and are true and correct.

Executed in _Samoens, France_____, on this 24th day of December, 2025.

DocuSigned by:

_Jay Kent-Hume_

620413062C814D1...

Jay Kent-Hume

Docusign Envelope ID: EEEB64EE-4E17-4D4C-AD39-8815D4A7CC44

## VERIFICATION OF EMILY FONDA

My name is Emily Fonda. I am over eighteen years of age and am fully competent to make this declaration, My business address is 4500 Park Granada, Suite 202, Calabasas, CA 91302. I declare under penalty of perjury that every factual statement contained therein relating to my work contacts with Texas in the Verified Special Appearance are within my personal knowledge and are true and correct.

Executed in _____Samoëns, France_____, on this 24th day of December, 2025.

.

Signed by:

*Emily Fonda*

D2BC8439D5E34AD...

Emily Fonda

## VERIFICATION OF SARA WILLIAMS

My name is Sara Williams. I am over eighteen years of age and am fully competent to make this declaration, My business address is 4500 Park Granada, Suite 202, Calabasas, CA 91302. I declare under penalty of perjury that every factual statement contained therein relating to my work contacts with Texas in the Verified Special Appearance are within my personal knowledge and are true and correct.

Executed in Winchester, Virginia, on this 24th day of December, 2025.



Sara Williams

### VERIFICATION OF JAY KENT-HUME ON BEHALF OF TSS

My name is Jay Kent-Hume. I am the co-founder of Pisco Media Group LLC d/b/a The Sociable Society ("TSS"). I am over eighteen years of age and am fully competent to make this declaration. TSS's business address is 4500 Park Granada, Suite 202, Calabasas, CA 91302. I declare under penalty of perjury that every factual statement contained therein relating to TSS's contacts with Texas in the Verified Special Appearance are within my personal knowledge and are  true and correct.

Executed in _____, Samoens, France, on this 24th day of December, 2025

DocuSigned by:

*Jay Kent-Hume*
623413962C814D1...
_____
Jay Kent-Hume

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

McKenna Thomas on behalf of Gemma Galeoto
Bar No. 24061047
mthomas@cbsattorneys.com
Envelope ID: 109459146
Filing Code Description: Original Answer - General Denial
Filing Description: SPECIAL APPEARANCE
Status as of 12/29/2025 8:17 AM CST

Associated Case Party: LINK MANAGEMENT AGENCY, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JESSICA WILSON | | jessica@kjpartners.law | 12/26/2025 1:46:17 PM | SENT |
| Siya Nombula | | siya.nombula@kjpartners.law | 12/26/2025 1:46:17 PM | SENT |

Associated Case Party: SARA WILLIAMS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gemma Galeoto | | ggaleoto@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| Christopher John | | cjohn@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| Blake Brownshadel | | bbrownshadel@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| Andrea Castillo | | acastillo@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| Rhonda Hudson | | rhudson@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| Debbie Liska | | dliska@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |
| McKenna Thomas | | mthomas@cbsattorneys.com | 12/26/2025 1:46:17 PM | SENT |