**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIV ACTION NO. 3:26-cv-00076-N** |
| | § | |
| **PISCO MEDIA GROUP LLC D/B/A** | § | |
| **THE SOCIABLE SOCIETY, JAYZEME** | § | |
| **KENT-HUME, EMILY FONDA, ROY** | § | |
| **PETERS, SARA WILLIAMS, and LEXI** | § | |
| **RUBINSTEIN** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF LINK MANAGEMENT AGENCY LLC'S UNOPPOSED MOTION
FOR LEAVE TO REPLACE [DOC 23] WITH A REVISED VERSION OF PLAINTIFF'S
BRIEF TO SUPPORT EMERGENCY MOTION FOR JURISDICTIONAL DISCOVERY
AND MOTION TO CONTINUE RESPONSE DEADLINE FOR MOTIONS TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Link Management Agency LLC ("Link") respectfully files this Unopposed

Motion for Leave to Replace [DOC 23] filed in the above-entitled Court on February 2, 2026, with

a Revised Version of Link's Brief to Support Emergency Motion for Jurisdictional Discovery and

Motion to Continue Response Deadline for Motions to Dismiss. In support, Link states as follows.

**Page 1**

## I. BACKGROUND

1. On February 2, 2026, Link filed and served its Brief to Support Emergency Motion for Jurisdictional Discovery and Motion to Continue Response Deadline for Motions to Dismiss [DOC 23].

2. On May 8, 2026, Link discovered that the filed version of DOC 23 contained inadvertent attorney-client privileged comments at p. 16, and highlighting of the Table of Contents and Table of Authorities at pp. 2-3. This clerical error also caused the font and margins of the brief to be skewed.

3. On May 12, 2026, Link's counsel Jessica Brown contacted counsel for Defendants PISCO MEDIA GROUP LLC D/B/A THE SOCIABLE SOCIETY, JAYZEME KENT-HUME, EMILY FONDA, ROY PETERS, SARA WILLIAMS, and LEXI RUBINSTEIN (collectively "Defendants"), regarding the relief requested herein, and counsel for Defendants advised that Defendants do not oppose this Motion.

4. Link has prepared a revised version of its Brief to Support Emergency Motion for Jurisdictional Discovery and Motion to Continue Response Deadline for Motions to Dismiss, attached hereto as Exhibit A, and respectfully requests that the Court permit DOC 23 to be replaced with the revised version that corrects the clerical errors.

## II. ARGUMENT

The Court possesses inherent authority to permit correction or replacement of the filings in the interest of accuracy and judicial efficiency.

**Page 2**

The requested replacement is sought in good faith, will not prejudice any party, and will assist in ensuring that the Court's record accurately reflects the intended filing. Counsel for all parties have conferred, and this Motion is unopposed.

### III. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Unopposed Motion and order that [DOC 23] be replaced with the revised version of Plaintiff Link Management Agency LLC's Brief to Support Emergency Motion for Jurisdictional Discovery and Motion to Continue Response Deadline for Motions to Dismiss attached hereto as Exhibit A.

Dated: May 14, 2026                     Respectfully submitted,


                                        **KJ Partners LLP**

                                 By: _____
                                        Jessica Renee Brown
                                        State Bar No. 24048975
                                        KJ Partners LLP
                                        4849 Greenville Avenue, Suite 100-170
                                        Dallas, TX  75206
                                        Telephone: 469.586.6861
                                        jessica@kjpartners.law

                                        **ATTORNEY FOR PLAINTIFF LINK
                                        MANAGEMENT AGENCY LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(a), counsel for Plaintiff emailed with counsel for Defendants on May 14, 2026, regarding the relief requested in this Motion, and Defendants do not oppose this Motion.

Dated: May 14, 2026

_____

Jessica Renee Brown

## CERTIFICATE OF SERVICE

I certify that on May 14, 2026, I served the foregoing on all counsel of record via the Court's CM/ECF system.

Blake J. Brownshadel
bbrownshadel@cbsattorneys.com
Gemma R. Galeoto
ggaleoto@cbsattorneys.com
Christopher A. John
cjohn@cbsattorneys.com
CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200
 Facsimile: (214) 981-9203

**ATTORNEYS FOR DEFENDANTS**

Dated: May 14, 2026

_____
Jessica Brown





**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LINK MANAGEMENT AGENCY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIV ACTION NO. 3:26-cv-00076-N** |
| | § | |
| **PISCO MEDIA GROUP LLC D/B/A** | § | |
| **THE SOCIABLE SOCIETY, JAYZEME** | § | |
| **KENT-HUME, EMILY FONDA, ROY** | § | |
| **PETERS, SARA WILLIAMS, and LEXI** | § | |
| **RUBINSTEIN** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

_____

**PLAINTIFF LINK MANAGEMENT'S BRIEF TO SUPPORT**
**EMERGENCY MOTION FOR JURISDICTIONAL DISCOVERY AND MOTION TO**
**CONTINUE RESPONSE DEADLINE FOR MOTIONS TO DISMISS**

_____

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Link Management Agency LLC ("Link") respectfully moves on an emergency

basis for a limited period of jurisdictional discovery targeted to the issues raised in Defendants'

Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(2) and/or 12(b)(1), and to

continue Plaintiff's response deadline to Defendant's Motion to Dismiss until 21 after completion

of such discovery. In support, Link states as follows.

**Page 1**

**TABLE OF CONTENTS**

**I. CASE BACKGROUND** …………………………………………..…5

**II. NEED FOR EMERGENCY, EXPEDITED JURISDICTIONAL DISCOVERY…..….6**

**III. ISSUE PRESENTED.……………………………………………………..7**

**IV. PROCEDURAL BACKGROUND.………………………………………7**

**V. LEGAL STANDARD.……………………………………………………8**

**VI. ARGUMENT.……………………………………………………………8**

    **A. Discovery Is Warranted Because Defendants Have Put Facts Regarding Jurisdiction In Dispute.………………………………………………………..8**

    **B. The Requested Discovery Is Narrowly Tailored and Proportional.……………24**

    **C. Link Will Be Severely Prejudiced Without Discovery and a Continuance……25**

**VII. REQUESTED JURISDICTIONAL DISCOVERY.…………………………….....25**

**VIII. EMERGENCY REQUEST / CERTIFICATION.……………………………..27**

**IX. PRAYER …………………………………………………………………..27**

## TABLE OF AUTHORITIES

**Cases**

*Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419 (5th Cir. 2005……………………………..8

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d
    1026 (3d Cir. 1997)…………………………………………………………………15

*Mindsight Med., LLC v. Golla Ctr. for Plastic Surgery, P.C.*, No. 3:23-CV-1989-S, 2023 WL
7115585 (N.D. Tex. Oct. 26, 2023)…………………………………………………....15

*Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671 (W.D. Tex. 2015)…………..…...8

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)……...……..…… ………….8, 9

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)………………………………………..…8


**Rules**

Fed. R. Civ. P. 12(b)(2)…………………………………………………………………1, 5, 7

Fed. R. Civ. P. 12(b)(1)…………………………………………………………………1, 5, 7

Local Civil Rule 7.1(e)……………………………………………………………………7

Local Civil Rule 7.1(a) ……………………………………………………………...7

## I.    CASE BACKGROUND

Link is a Dallas-based social media marketing company that was incorporated in Texas, as a Texas limited liability company, and officially launched business in June 2025. Link represents creators who have large presences on social media (Instagram, TikTok, YouTube, among others), and connects those creators with brand deals with established companies including Fortune 500 companies. Link employs Brooke Meister, who is a former employee of Pisco Media Group. Meister resigned her employment with Pisco Media Group in April 2025. Meister's employment-based claims are pending in a California lawsuit (as Pisco Media Group incorporated California law in all of its agreements and employment documents).

Once Link launched in June 2025, and it was publicly known that Meister is working with Link, Defendants took to egregious, outrageous, tortious actions against Link, clearly doing everything in their power to try to make Link fail as a business.  Defendants have defamed Link, interfered with its business and clients, and interfered with its contracts. Defendants have specifically made public comments to Pisco Media Group LLC's employees, usually in all-employee meetings, making it clear that Pisco Media Group LLC is taking special measures against Link, and any creator that is going to Link needs to be handled differently (with the clear intent to interfere with Link's business).

In the social media talent management world, creators leave and go to new agencies all the time. However, in the case with Link, Defendants have purposefully harmed the market reputation, harassed, hounded, and even not paid the creators who gave notice to terminate with TSS (and who are now represented by Link).  Defendants' distinct treatment of their former creator clients who are now represented by Link demonstrates the intention to tortiously interfere with Link's business.

## II. NEED FOR EMERGENCY, EXPEDITED JURISDICTIONAL DISCOVERY

Defendants Pisco Media Group LLC, Jayzeme Kent-Hume, Emily Fonda, Sara Williams, and Lexi Rubinstein have moved to dismiss this action on jurisdictional grounds under Rule 12(b)(2), contending that this Court lacks personal jurisdiction and improper venue under Rule 12(b)(1). Link cannot fairly respond to Defendants' Motions without limited, reasonable discovery into facts that are uniquely within Defendants' possession and control, including, e.g., Defendants' contacts with Texas; Pisco Media Group's corporate structure, including agents and employees acting on its behalf related to business, contacts, or partnerships in Texas; and business done in Texas, contractual, employee and agency relationships with Texas residents; marketing and sales activities in Texas; control of subsidiary; alter ego; locus of events; and actions of Defendants that give rise to the claims in this lawsuit. Defendants have placed personal jurisdiction in dispute by submitting declarations that state they do not have substantial contacts with Texas, which directly contradicts the facts in the Original Petition and in this Brief and supporting Appendix (that provide an initial showing of contacts with Texas to justify further inquiry). The facts that Link presents in this Motion are only what is known publicly or Link has been able to uncover on its own, without the benefit of any discovery. Link requests the opportunity to conduct limited, targeted discovery as to jurisdictional and venue issues (separate from discovery into substantive claims), so it can fairly respond to the pending motions to dismiss.

Defendants have each taken separate tortious actions towards Link, and Link should be permitted to discover the facts that will substantiate this court exercising personal jurisdiction over its claims.

Courts routinely permit jurisdictional discovery where a plaintiff makes a preliminary showing of jurisdiction or where the jurisdictional facts are controverted, and discovery is

necessary to resolve disputed issues. Link therefore requests narrowly tailored discovery, limited in scope and duration, and a corresponding continuance of the response deadline. Link has made a preliminary showing justifying this Court ordering jurisdictional discovery and staying the deadlines to respond to the motions to dismiss until such discovery has been completed.

Because Plaintiff's response deadline is imminent—currently set for **February 9, 2026**—this motion is filed on an emergency basis to avoid prejudice and preserve Plaintiff's ability to fairly oppose dismissal.

## III.    ISSUE PRESENTED

**Issue Presented to this Court:** When there is evidence that Defendants have: (1) taken tortious action toward Link in Texas, (2) maintain nine business locations in Texas, (3) traveled to Texas (Dallas, Frisco and Austin) multiple times, promoting their business and seeking business opportunities in Texas, (4) partnered with Visit Plano, Visit Frisco, and at least ten other Texas brands, (5) represent at least 25 clients based in Texas, and (6) maintain employees in Texas, and yet Defendants present contrary sworn testimony stating there is no substantial business in or connection to Texas, the court should permit limited, expedited discovery to allow Link to discover the extent of the contacts and connections with Texas and stay response deadlines for pending motions to dismiss, allowing Link, as a Texas-based company who has suffered injury, a fair opportunity to prosecute its claims.

## IV. PROCEDURAL BACKGROUND

1. Plaintiff filed this action on September 5, 2025, asserting claims for Injunctive Relief and Damages.

2. Defendant Pisco Media Group was served on November 21, 2025.

3. Defendant Jayzeme Kent-Hume was served on November 21, 2025.

4. Defendant Emily Fonda was served on November 21, 2025.

5. Defendant Sara Williams was served on November 25, 2025.

6. Defendant Lexi Rubenstein was served on December 11, 2025.

7. Defendants filed a total of five (5) Motions to Dismiss (collectively, "Motions") on **January 19, 2026**.

8. Link's responses are currently due on **February 9, 2026,** under **Local Civil Rule 7.1(e)**.

9. Defendants' motions to dismiss rely on factual assertions outside the pleadings, including Declarations of the Defendants, concerning jurisdictional facts.

10. Link has not yet had any opportunity to obtain discovery into these jurisdictional issues.

## V. LEGAL STANDARD

### A. Jurisdictional Discovery

When a defendant challenges jurisdiction and relevant facts are contested or within the defendant's control, the Court may permit limited jurisdictional discovery before resolving a Rule 12(b)(2) or Rule 12(b)(1) motion. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Jurisdictional discovery is appropriate where the plaintiff has made a preliminary showing of jurisdiction, where the plaintiff's allegations suggest with reasonable particularity the possible existence of contacts, or where jurisdictional facts are controverted.

### B. Continuance/Extension of Response Deadline

Under Federal Rule of Civil Procedure 6(b), the Court may extend deadlines for good cause. Where a response depends on information uniquely within the opposing party's control, good cause exists to continue the response deadline pending jurisdictional discovery.

///

///

**Page 7**

## VI. ARGUMENT

**A. Discovery Is Warranted Because Defendants Have Put Facts Regarding Jurisdiction In Dispute.**

Defendants have submitted declarations that generally state that they do not have contacts with Texas sufficient to permit this Court to exercise personal jurisdiction. By putting jurisdictional contacts in dispute, contrary to the facts in the Original Petition and those presented in this motion (and supporting Appendix), Defendants have opened the door, and Link should be entitled to discover the complete truth as to Defendants' contacts and connections with Texas.

The decision to permit discovery regarding personal jurisdiction rests within the Court's discretion. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). To establish that it is entitled to jurisdictional discovery, a movant must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("A preliminary showing does not require proof that personal jurisdiction exists, but 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'"); *see also Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) The movant must show that discovery is likely to produce the facts needed to withstand dismissal, and it must identify the specific facts it expects to uncover. The Fifth Circuit referenced *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003), highlighting that when an initial showing of jurisdictional facts has been made, jurisdictional discovery should be permitted. *Fielding*, 415 F.3d at 429 ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained."). *Toys R Us* held the district court erred when it denied Toys' request for jurisdictional discovery, highlighting "various parts of the record—which, if explored, might

provide the 'something more' needed to bring [the defendant] within our jurisdiction." *Toys R Us,* 318 F.3d at 456.  Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery. *Toys R Us,* 318 F.3d at 456 (citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997)). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained.  *Toys R Us,* 318 F.3d at 456.

Here, the Original Petition takes 6 pages detailing the requisite contacts that exist. [Original Petition at pp. 3-8].  Link included specific communications, actions, and presence in Texas, where the Defendants were publicly making it known they were in Texas, doing business in Texas, and seeking to do more business in Texas.  [Petition at pp. 3-8].  Link identified that Pisco Media Group has at least five employees in Texas, as well as specific contract and travel to Texas by Pisco Media, Rubenstein, and Kent-Hume:

8.    The court has personal jurisdiction over the parties, as they have availed themselves of the laws of Texas, and Defendants have continuous and systematic contact with Texas through their purposeful contact with at least five Texas employees, such as Brooke Meister, networking and holding meetings in Dallas, Texas, advertising to have meetings and

ORIGINAL PETITION

3

networking in Dallas, Texas (and surrounding areas of Frisco, Texas), and also by directing tortious conduct to Link, in Texas.

9.    Specifically, TSS and Rubinstein attended LTK Con in October 2023 in Dallas, Texas. While at LTK Con in Dallas, Texas, Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities.

10.    TSS, Kent-Hume, and Rubinstein attended LTK Con on or around September 17, 2024 through September 21, 2024 in Dallas, Texas. While at LTK Con in Dallas, Texas, Kent-Hume and Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities.

11.    In March 2025, Kent-Hume attended SXSW, in Austin, Texas, actively seeking business opportunities to benefit him and his company, TSS.

The Original Petition also details Defendants travel to Texas, and efforts to publicly seek meetings and business in Texas, constituting sufficient showing that puts jurisdiction in dispute:

12.    TSS, Fonda, Peters and Rubinstein  have  publicly advertised they will attend LTK Con in 2025 on or around September 7, 2025 through September 11, 2025 in Frisco, Texas. While at LTK Con in Frisco, Texas, Fonda, Peters and Rubinstein, among other TSS employees, will hold meetings and attend events with talent and brands for the purposes of securing new business opportunities.

13.    On July 9, 2025, TSS published an Instagram post seeking brand partnership opportunities for an event in Frisco, Texas, seeking and inviting meetings with brand partners in Texas.

**Page 10**

[Original Petition at p. 4]. The Petition also details public postings of Defendants advertising their presence in Texas and their public request for more business and meetings in Texas:



14.    On August 6, 2025, Kent-Hume published a LinkedIn post seeking brand partnership opportunities for an event in Frisco, Texas, seeking and inviting meetings in Texas.

[Original Petition at p. 5]. Kent-Hume, Fonda, and Rubenstein all made public announcements of their presence in Texas, and request for more business and meetings in Texas. Kent-Hume advertised that he and 30 of Pisco Media's top creators, (with 22 Million reach of followers) would be in Frisco, Texas on September 9, 2025, and Rubenstein and Fonda made similar public promotions of their presence in Texas, seeking meetings and additional business opportunities in Texas:



15.     On August 6, 2025, Rubinstein published a LinkedIn post seeking brand partnership opportunities for an event during LTK Con in Frisco, Texas, seeking and inviting meetings and engaging in business in Texas.



16.     In August 2025, Rubinstein published a LinkedIn post promoting that she and TSS will be in Frisco/Plano, Texas and asking to schedule business meetings.

**Page 12**



**Emily Fonda** ✓ · 2nd                                    + Follow    ···
Co-Founder, The Sociable Society. Leading Creator Managemen...
3w · 🌐

Hi friends! We're hosting two of our signature The Sociable Society agency dinners
this September:

Sept 9 – Frisco, TX: ~30 of our top creators (22M+ reach)
Sept 12 – NYFW: ~70 creators joining us (44M+ reach)

We've secured two incredible dinner venues and are opening the door to a few
aligned brand partners who want to co-host with us.

If your brand is looking to connect with top-tier creators across beauty, fashion,
lifestyle, and wellness — let's chat. These nights are all about meaningful connection
and powerful visibility.

DM me or tag a teammate who should be in the loop — we're happy to share more
details!

 Brian LaSalla and 16 others                    2 comments · 1 repost

18.    In December 2024, Fonda attended an event in Las Colinas, Texas to market on behalf
of TSS.



17.    On August 7, 2025, Fonda published a LinkedIn post seeking brand partnership opportunities for the LTK Con event in Frisco, Texas.

[Original Petition at pp. 6-8].  Additionally, in March 2025, Kent-Hume attended SXSW, in Austin, Texas, actively seeking business opportunities to benefit him and TSS.

These allegations in the Petition are sufficient to establish dispute as to jurisdictional contacts, justifying jurisdictional discovery.  As set forth below, Link has added additional evidence, showing even more instances that suggest Defendants have sufficient contacts with Texas under the long arm statute.  With limited jurisdictional discovery, Link will be able to establish the actual nature of the continuous and systematic contacts Defendants have with Texas, as well as the specific actions that Defendants have taken to harm Link related to its claims in this case.

**Page 14**

Recently, Judge Karen Gren Scholar permitted jurisdictional discovery and extended the deadlines to response to a motion to dismiss, under similar circumstances. *Mindsight Med., LLC v. Golla Ctr. for Plastic Surgery, P.C.*, No. 3:23-CV-1989-S, 2023 WL 7115585, at *1–2 (N.D. Tex. Oct. 26, 2023). In *Mindsight Med.*, there was a claim for breach of contract, and the defendant removed the case to federal court and filed a motion to dismiss—the same course that Defendants in this case took. *Id.* The Plaintiff in *Mindsight Med.* sought an extension to respond to the motion to dismiss, and sought jurisdictional discovery. The Court granted the motion for jurisdictional discovery, and extended the time for plaintiff to respond to the motion to dismiss to 14 days *after receipt of the jurisdictional discovery. Id.* Specifically, the court granted motion allowing 45 days to conduct jurisdictional discovery. *Id.*

Following the holding and rationale in *Mindsight Med*, this Court should grant the emergency motion for jurisdictional discovery because there is a factual dispute as to the extent of Texas contacts, and Link is entitled to discover the truth as to the nature and extent of Defendants' connection and contacts with Texas.

Through the operative complaint in this action, Link has made a preliminary showing of jurisdiction including specifically that Defendants have engaged in:

- business dealings in Texas;
- meetings in Texas over multiple years;
- advertising to clients, agencies, and prospects to meet in Texas;
- contracts with Texas residents;
- employment of Texas residents;
- communications to Texas residents;
- sales/marketing in Texas;

**Page 15**

- tortious conduct in Texas; and

- partnership with at least one Texas-based businesses, with multiple meetings in Texas

[Original Petion at pp. 3-8].

In addition to the facts in the Petition, attached to this Motion, Link has provided additional evidence of extensive contacts, connections, and partnerships of Defendants, all centered around, occurring inside Texas. [App. 1-38]. The information detailed in the Appendix is mostly limited to what is publicly available, but it is extensive and demonstrates that Defendants' declarations fail to give true, full picture as to jurisdiction and venue. In the motions to dismiss, Defendants dispute these facts and attempts to defeat jurisdiction through declarations asserting any contacts with Texas are limited in nature. Those assertions place jurisdictional facts directly in dispute.

Based on limited information at Link's disposal, there are serious disputes as to the volume and nature of Defendants' contacts with Texas. While Defendants stated under oath they do not have a business presence in Texas, the Texas Department of Insurance, Workers' Compensation Division indicates that Pisco Media Group currently has nine business locations in Texas. [App. at 1-2, ¶¶5-6]. Specifically, the Texas Department of Insurance has record of Pisco Media Group having two business locations in Houston, three business locations in Austin, as well as locations in Laredo, Denton, Irving, and El Paso. [App. at 1-2, ¶¶5-6]. A true and correct copy of the data from the Texas Department of Insurance, reporting Pisco Media Group having nine business locations in Texas is set forth below:

**Page 16**



[App. at 2].

Contrary to the Texas Department of Insurance's records and information set forth below, Defendants stated under oath they do not conduct substantial business in Texas.

Sourcify, a public database that tracks social media creators, agencies, and brands, indicates that Pisco Media Group LLC's two largest brand partners are based in Texas. [App. at 2-4, ¶¶8].  A true and correct copy of the data from Sourcify data is below, that establishes Pisco Media Group LLC d/b/a Sociable Society's two top brand partners are Bloom Nutrition (headquartered in Austin, Texas) and Waterboy (headquartered in Austin, Texas). [App. at 2-3 ¶¶8].

**Page 17**



Based on public information, Pisco Media Group has 25 creator clients who are based in Texas.   [App. at p. 3 ¶10; pp. 15-36 ¶29-30].[1] From Pisco Media Group's website, thesociablesociety.com, there are additional brand partnerships based in Texas, such as Visit

---

[1] The photographs and details of the Texas clients are set forth in detail in the Appendix at pages 15-26.  All of these photos were pulled from Pisco Media Group's website, thesociablesociety.com, and Instagram.

Plano, Visit Frisco, Kendra Scott, Bloom, Pizzana, Huneidi, Tequila Volteo, LTK, Madre Prosecco, Stonebriar Country Club, Mooala, Colleen Rothschild [App. 6-15, ¶¶13-23; App. 27-38, ¶¶34-36].

Pisco Media Group's partnerships with Visit Frisco and Visit Plano are telling facts about the extent of Pisco Media Group's continuous and systematic contacts with Texas. Images of this partnership are all over its website and social media pages:





[App. at 6-14, ¶¶12-22; App. 27-29, ¶¶34]. Defendants have also advertised additional partnerships consummating in Texas, with Texas companies, such as LTK, Colleen Rothschild, Stonebriar Country Club, Tequila Volteo (based in Dallas), and Huneidi. [App. at pp. 8-14].

**Page 19**

Defendants have publicly posted and boasted about these Texas connections and Texas partnerships.

Pisco Media Group's website, in multiple locations, states that its employees reach out or "pitch" to companies. Its website states "we actively pitch you to brands that are a good fit," "pitching you to brands," "this includes reaching out to brands," and "we leverage our deep industry connections." [App. at 4-6, ¶11]. Given the volume of connections to businesses in Texas from public information, notably Pisco Media Group's top two brand partners being based in Texas (per Sourcify) [App. at 2-4, ¶¶8], the Defendants are in continuous communication with Texas companies. Defendants have at least 25 creator clients [App. at 15-26, ¶¶29-30], placing Defendants in continuous communication with Texas residents.

Based on publicly available information, posted by Defendants, Defendants attended LTK Con in Dallas, Texas and Frisco, Texas for the past three years.  TSS and Rubinstein attended LTK Con in October 2023 in Dallas, Texas [App. at 39, ¶38]. While at LTK Con in Dallas, Texas, Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities.  This is a concerted effort to conduct business and generate business in Texas, and to grow the partnership Pisco Media has with LTK, a Texas-based business. TSS, Kent-Hume, and Rubinstein attended LTK Con on or around September 17, 2024 through September 21, 2024 in Dallas, Texas [App. at 39, ¶38]. While at LTK Con in Dallas, Texas, Kent-Hume and Rubinstein, among other TSS employees, held meetings and attended events with talent and brands for the purposes of securing new business opportunities. TSS, Fonda, Peters and Rubinstein publicly advertised their attendance at LTK Con in September 2025 in Frisco, Texas [App. at 39, ¶38]. While at LTK Con in Frisco, Texas, Fonda, Peters and Rubinstein, among other TSS employees, held meetings and attended events with talent and brands

for the purposes of securing new business opportunities.  In particular, On July 9, 2025, TSS published an Instagram post seeking brand partnership opportunities for an event in Frisco [App. at 39, ¶38], Texas, seeking and inviting meetings with brand partners in Texas. .

In addition to the on-going contacts with Texas, Defendants have targeted efforts towards Link, aimed at causing interference, harm, or injury to its business.  Rubenstein has made defamatory statements about Link.  [App. at p. 15, ¶24]. Kent-Hume has made defamatory statements about Link.  [App. at p. 15, ¶25]. Fonda has made defamatory statements about Link. [App. at p. 15, ¶26].  Sara Willaims has threatened Link's prospective employees. [App. at p. 15, ¶27].  And Kent-Hume has threatened Link's prospective employees, with the intention of interfering with Link's business and hiring employees.  [App. at p. 15, ¶28].

Here, the court should grant this motion for jurisdictional discovery and extend the deadlines to respond to the motions to dismiss.  Link alleges that Defendants, among other things, regularly conduct business with Texas companies, contract and regularly communicate with creator clients in Texas, traveled to Texas on a regular basis, advertised holding meetings with agencies and clients in Texas, employed Texas-based employees, sought out clients and prospects in Texas, invited clients, partners, and prospects to meetings in Texas, as well as Defendants:

- having continuous and systematic contact with Texas through their purposeful contact with at least five Texas employees, such as Brooke Meister [Original Petition at pp. 3-8].

- Having nine (9) business locations in Texas, according to the Texas Department of Insurance. [App. at 1-2, ¶¶5-6].

- revenue-driving business relationships with companies and Creator Clients in Texas, networking and holding meetings in Dallas, Texas, advertising to have meetings and networking in Dallas, Texas (and surrounding areas of Frisco, Texas),

**Page 21**

- directing tortious conduct to Link involving Texas-based companies [App. at 26-27, ¶¶32-33] and

- directing tortious conduct to Link, in Texas. [App. at 15, ¶¶24-28; App. at 26, ¶31].

Defendants have taken actions aimed and intended to harm with Link, in Texas, seeking to intentionally interfere with Link's business and contractual relationships with its (i) Creator clients, who all have entered into agreements with Link, in Texas, incorporating Texas law, (ii) employees, who all have entered into agreements with Link incorporating Texas law and (iii) customers, including those that are based in Texas.

Pisco Media Group's website indicates substantial business relationships and contacts with Texas as set forth below:

1. Partnerships with the cities of Frisco, Texas and Plano, Texas.

2. Partnerships with 10 companies based in Texas including Kendra Scott (headquartered in Austin, Texas), Colleen Rothschild (headquartered in Addison, Texas), LTK (headquartered in Dallas, Texas), Bloom (headquartered in Austin, Texas), Pizzana (restaurant featured is in Dallas, Texas), Huneidi (located in Frisco, Texas), Tequila Volteo (parent company is headquartered in Dallas, Texas), Madre Prosecco (headquartered in Dallas, Texas), Stonebriar Country Club (located in Frisco, Texas), and Mooala (headquartered in Dallas, Texas),

3. One of the services provided by TSS as indicated by its website is Creator Events. The page on TSS's website advertising this service includes two case studies. One case study is in relation to a launch party for Texas-based Colleen Rothschild (headquartered in Addison, Texas). The other event is titled Omni Hotels x LTK Con 2024 and the event was in collaboration with Topped Hats; the event took place in Dallas, Texas at LTK Con 2024, Omni Hotels is headquartered in Dallas, Texas, and Topped Hats is based in Dallas, Texas.

4. TSS's website includes an entire page titled "LTK Creator's Guide" which is entirely related to LTK which is based in Dallas, Texas. Further, TSS's website attributes the writing of the LTK Guide to Brooke Meister, a former employee located in Texas.

[App. at ¶34-36]. Pisco Media Group is also actively promoting an event in Austin, Texas for October 2026, and seeking partnerships for this Texas-based event. [App. at ¶37].

**Page 22**

Defendants have made public, outward facing, concerted efforts to do business in Texas, employ Texas residents, and partner with Texas-based partners and creators. Link should be afforded the opportunity to explore the depth of these actions by Defendants, which on the surface appear to constitute minimum contacts with Texas. Thus, Link has met its burden demonstrating its entitlement to jurisdictional discovery.

**B. The Requested Discovery Is Narrowly Tailored and Proportional**

Link seeks only targeted discovery relevant to the jurisdictional issues raised by Defendant, including:

1. 10 Interrogatories for each Defendant regarding Defendants' contacts with Texas;

2. 10 Requests for Admissions for each Defendant regarding Defendants' actions that could give rise to minimum contacts with Texas;

3. 25 Requests for Production for each Defendant concerning Texas-directed activities;

4. A three-hour, Rule 30(b)(6) deposition limited to jurisdictional topics; and

5. Three-hour Depositions of Declarants whose declaration Defendants submitted in support of dismissal and Defendants Pisco Media Group LLC, Jayzeme Kent-Hume, Emily Fonda, Sara Williams, and Lexi Rubinstein seeking dismissal for lack of personal jurisdiction.

Link seeks to discover Defendants' contacts with Texas, including travel and trips to Texas, doing business and holding meetings in Texas, employing Texas residents who worked from home, in Texas, registration in the State of Texas to conduct business, payroll taxes and registration to employ Texas-based employees, contract negotiations, marketings and advertising inside of, aimed at and focused towards Texas, clients and customers located in Texas and communications with the clients and customers. Link also seeks to discover facts related to how Pisco Media Group treated clients who left and became clients of Link differently, in effort to interfere with Link's

business.  Link expects to discover that Defendants were in continuous and extended contact with clients, employees, and vendors in Texas. This discovery will assist the court in making an appropriate determination on personal jurisdiction challenged by Defendants.

Link proposes that jurisdictional discovery be completed within 45 days, after which Plaintiff will file its response to the Motion to Dismiss within 21 days.

### C. Link Will Be Severely Prejudiced Without Discovery and a Continuance

If Link must respond to the motions to dismiss (without the benefit of jurisdictional discovery), by **February 9, 2026,** Link will be severely disadvantaged, without the ability to test Defendant's factual assertions or develop evidence necessary to establish jurisdiction. That is particularly prejudicial where Defendants rely on declarations and evidence outside the pleadings. Denying discovery would allow Defendants to win dismissal by controlling the evidentiary record.

A short continuance will not prejudice Defendants. Defendants will suffer no meaningful harm from a brief delay to allow limited discovery focused solely on threshold jurisdictional questions.  And the upside is that justice and fairness will be served by permitting Link the ability to establish facts that form a basis for minimum contacts with Texas.

The harm to Link if a continuance of the deadline to respond to the motions to dismiss is severe, as Link's legitimate claims are at risk simply because Defendants have made blanket statements denying contacts with Texas.  This is an unfair result for a Texas company, who was harmed by Defendants who directed tortious action towards Link, and who also have a continued and substantial presence in Texas, based solely on public information.

### VII. REQUESTED JURISDICTIONAL DISCOVERY

Link requests an order permitting the following jurisdictional discovery (distinct from substantive discovery permitted under the Rules).  Link seeks an order that Defendants must appear

for depositions listed below within three days' notice, with that occurring no later than April 3. 2026, and Link also requests a continuance to respond to the motions to dismiss to 21 days after the conclusion of jurisdictional discovery.

**A. Written Discovery:**

- Up to 10 interrogatories for each Defendant

- Up to 25 requests for production for each Defendant

- Up to 10 requests for admission for each Defendant

**B. Depositions:**

- One Rule 30(b)(6) deposition of Defendant (limited to 3 hours)

- Depositions of Pisco Media Group LLC, Jayzeme Kent-Hume, Emily Fonda, Sara Williams, and Lexi Rubinstein (declarants) (3 hours each).

**C. Proposed Topics (examples):**

1. Conduct giving rise to Link's claims and where it occurred

2. Texas customers, clients, contracts, employees, and revenue

3. Conduct and actions directed towards Link

4. Contacts with Texas

5. Marketing/advertising directed to Texas

6. Travel to Texas

7. Website and social media interactivity and Texas-directed targeting

8. Physical presence (employees, property, offices) in Texas

9. Negotiations/communications with Texas persons

10. Corporate structure and control/alter ego issues (if relevant)

**Page 25**

The jurisdictional discovery that is sought is in addition to the discovery permitted under the Rules as it relates to Link's substantive claims. Link should not be prejudiced or obtain less substantive discovery because Defendants have chosen to put jurisdiction and venue issues in dispute.

Link also requests that the Court extend the deadline to respond to the Motions until a reasonable time after this discovery has been completed, which Link proposes as 21 days after jurisdictional discovery has been completed.

## VIII. EMERGENCY REQUEST / CERTIFICATION

Plaintiff files this motion on an emergency basis because Plaintiff's response deadline is **February 9, 2026**, leaving insufficient time to obtain jurisdictional discovery before responding.

## IX. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  GRANT Plaintiff's motion for jurisdictional discovery;

2.  ORDER that jurisdictional discovery be completed within **45 days**;

3.  CONTINUE Plaintiff's response deadline to Defendant's Motion to Dismiss as to jurisdiction until **21 days after completion of jurisdictional discovery**;

4.  Alternatively, hold Defendants' Motions to Dismiss in abeyance pending completion of jurisdictional discovery; and

5.  Grant such other and further relief as the Court deems just and proper.

**Page 26**

Dated: February 2, 2026

Respectfully submitted,

**KJ Partners LLP**

By: _____
Jessica Renee Brown
State Bar No. 24048975
KJ Partners LLP
4849 Greenville Avenue, Suite 100-170
Dallas, TX  75206
Telephone:  469.586.6861
jessica@kjpartners.law

**ATTORNEY FOR PLAINTIFF LINK
MANAGEMENT AGENCY LLC**

**Page 27**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(a), counsel for Plaintiff emailed with counsel for Defendants on January 9, 26, and 27, 2026, regarding the relief requested in this motion, as well as bringing it up on telephone conference with Defendants' counsel on January 19, 2026. Defendants indicated in the Joint Rule 26(f) Report they oppose the jurisdictional discovery sought by Plaintiff Link Management Agency. Emails from Defendants' counsel indicate they did not think jurisdictional discovery is necessary and needed more information to be able to assess. Given the nature of the deadlines (February 9, 2026 the responses are due), and that this has been in discussion with Defendants counsel for over 20 days, Plaintiff understood Defendants' position filed with the Court in the Joint Report and failure to agree to the propose discovery as Defendants oppose the relief sought in this motion.

Dated: February 2, 2026

_____

Jessica Brown

## CERTIFICATE OF SERVICE

I certify that on February 1, 2026, I served the foregoing on all counsel of record via the

Court's CM/ECF system.

Blake J. Brownshadel
bbrownshadel@cbsattorneys.com
Gemma R. Galeoto
ggaleoto@cbsattorneys.com
Christopher A. John
cjohn@cbsattorneys.com
CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200
 Facsimile: (214) 981-9203

**ATTORNEYS FOR DEFENDANTS**

Dated: February 2, 2026

_____
Jessica Brown