IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINK MANAGEMENT AGENCY LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:26-CV-76-N |
| PISCO MEDIA GROUP LLC, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Link Management Agency's ("Link") emergency motion for jurisdictional discovery [22] and Defendants Pisco Media Group LLC d/b/a The Sociable Society ("TSS"), Jayzen Kent-Hume, Emily Fonda, Sara Williams, Lexi Rubenstein, and Roy Peters' (collectively "Defendants") motion for protective order [28]. The Court grants the discovery motion and partially grants the motion for protective order.

### I. ORIGINS OF THE MOTIONS

This is a dispute between two marketing agencies, removed from Texas state court. Link alleges that Defendants have "defamed Link, interfered with its business and clients, and interfered with its contracts." Pl.'s Mot. Br. 4 [23]. Link asserts claims against all Defendants for (1) defamation, (2) tortious interference, (3) deceptive trade practices, (4) fraud, and (5) conspiracy. Pl.'s Pet. ¶¶ 97-98, 103-104, 110, 116-120, 126-143, 144. On January 19, 2026, each defendant filed a motion to dismiss Link's claims on several grounds, including lack of personal jurisdiction. Link then filed this emergency motion for

MEMORANDUM OPINION AND ORDER – PAGE 1

jurisdictional discovery.    Additionally, after Link served its requests for production ("RFPs"), Defendants filed a motion for protective order seeking to limit the jurisdictional discovery, if the Court grants Link's motion.

## II.  THE COURT GRANTS THE JURISDICTIONAL DISCOVERY MOTION

In their motions to dismiss, Defendants challenge the Court's personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  "Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits."  *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996).

A court may grant jurisdictional discovery when the plaintiff makes a "'preliminary showing of jurisdiction' over a defendant."  *Harvest Nat. Res., Inc. v. Garcia*, 2018 WL 2183968, at *2 (S.D. Tex. 2018) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Fielding*, 415 F.3d at 429. Jurisdictional discovery is not appropriate absent a preliminary showing that jurisdiction exists and that the discovery sought would add significant facts to the jurisdictional determination.  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000).

### A.  Link Made a Preliminary Showing That Personal Jurisdiction Exists

Although TSS's principal place of business is in California and its employee defendants are domiciled in California, this Court may have specific personal jurisdiction over Defendants.  "Specific jurisdiction exists when the defendant has purposefully

MEMORANDUM OPINION AND ORDER – PAGE 2

directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (internal quotation omitted) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, Link has made a preliminary showing that Defendants may have sufficient minimum contacts in Texas and that the litigation arises out of or relates to their activities in Texas. Link alleges that Defendants have had "continuous and systematic contact with Texas" through activities such as "networking and holding meetings in Dallas, Texas, advertising . . . in Dallas, Texas (and surrounding areas of Frisco, Texas) and also by directing tortious conduct to Link, in Texas." Pl.'s Pet. ¶ 8. Furthermore, Link asserts that Defendants regularly seek out work opportunities and brand partners in Texas. *Id*. ¶¶ 12-18.

Discovery may reveal that TSS "purposefully directed" activities in Texas through various client and vendor engagements in the state. Thus, Link's allegations are sufficient to demonstrate that "the existence of the requisite contacts with Texas is possible." *Mary Kay Inc. v. Agudelo*, 2020 WL 1692964 at *2 (N.D. Tex. 2020). Accordingly, the Court finds that discovery is appropriate on the issue of specific personal jurisdiction.

### III. THE COURT PARTIALLY GRANTS THE MOTION FOR PROTECTIVE ORDER

Next, the Court partially grants Defendants' motion for protective order. Rule 26(c) authorizes courts to issue "an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c). Protective orders may forbid certain disclosures, specify the terms for disclosure,

MEMORANDUM OPINION AND ORDER – PAGE 3

forbid inquiry into certain matters, or limit the scope of disclosure to certain matters. *Id*. Further, the Court may still issue a protective order on relevant discovery that is unduly burdensome. *Id*. The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

"[T]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l Inc.,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). In other words, the party seeking a protective order must show that "the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery . . . or that a discovery request would impose an undue burden or expense, including one that outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 464 (N.D. Tex. 2015). In the instant case, the Court takes each category of Link's requested discovery in turn.

### A. *Requests Regarding TSS's Contacts with Texas-based Customers*

First, Link's RFPs Nos. 4-7 seek communications between TSS and its Texas-based customers. Defs. App 6-4 [30]. The Court determines that such requests are relevant to jurisdictional discovery because answers to these requests "would add important facts to the jurisdictional determination." *Mary Kay*, 2020 WL 1692964 at *2. Specifically, documented communications between TSS and its Texas-based customers would provide information useful to determine whether TSS has sufficient minimum contacts with the

MEMORANDUM OPINION AND ORDER – PAGE 4

forum.  However, the Court determines that RFP No. 6, which seeks "all communications, documents, and [electronically stored information ("ESI")] . . . from any of the Defendant's employees, executives, officers or agents *to any other individual located in Texas*" during Defendant's business operations is overly broad for the purpose of limited jurisdictional discovery.  Defs.' App. 3 (emphasis added).  Thus, the Court denies Defendants' motion for protective order as to RFPs Nos. 4, 5 and 7, but grants the motion with respect to RFP No. 6.

### B.  Requests Regarding TSS's Clients, Customers, and Vendors

Next, Link's RFPs Nos. 13-16 and 55-59 seek documents and electronically stored information ("ESI") relating to TSS's creator clients, customers, and vendor lists.  Defs.' App. 7, 10.  Under Texas law, such lists may be considered trade secrets if they amount to a "formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it." [1]  *In re C-Automation, Inc.*, 698 S.W.3d 87, 95 (Tex. App.—Houston [14th Dist.] 2024, no pet.); *see also Sharma v. Vinmar Intern., Ltd.*, 231 S.W.3d 405, 424 (Tex. App. — Houston [14th Dist.] 2007, no pet.) ("Customer lists, pricing information, client information, customer preferences, buyer contacts . . . have all been recognized as trade secrets.")  While the Court finds marginal relevance in this request, it must balance the need for discovery and relevance of the discovery against the harm, prejudice, or undue

---

[1] In Texas, courts consider six factors to determine whether a trade secret exists.  *In re 4X Indus., LLC*, 639 S.W.3d 801, 808 (Tex. App. — Houston [14th Dist.] 2021, no pet.).  Because the Court determines that prejudice to TSS would outweigh the marginal relevance of the RFPs, the Court does not reach the trade secret analysis.

MEMORANDUM OPINION AND ORDER – PAGE 5

burden to TSS.  FED. R. CIV. P. 26(b)(1).  Therefore, given the sensitive nature of the requested discovery and its minimal relevance to determining the issue of specific personal jurisdiction, the Court grants Defendants' motion for protective order as to Link's RFPs Nos. 13-16 and 55-59.

### C.  Request Regarding the Texas Comptroller and Texas Workforce Commission

RFPs 9, 10, and 44 seek documents, ESI, and communications between TSS, the Texas Comptroller and the Texas Workforce Commission.  Defs.' App. 3, 6.  This requested discovery is relevant to Link's specific contacts with the forum state and determining whether those contacts relate to Link's case against Defendants.  *Mary Kay*, 2020 WL 1692964 at \*2.  Therefore, the Court denies Defendants' motion with respect to TSS's communications with the Texas agencies.

### D.  Request for Documents Relating to LTK Con and SXSW

RFPs 33-42 seek information relating to TSS's participation in two Texas-based conferences: LTK Con, a conference for content creators, and South by Southwest ("SXSW").[2]  Link argues that documents regarding TSS's LTK Con and SXSW attendance "are relevant to whether Defendants' business travel to Texas constitutes purposeful availment."  Pl.'s Resp. 23.  The Court agrees.  Additionally, the Court determines that these requests do not cause undue burden or prejudice to Defendants.  Therefore, the Court

---

[2] LTK Con is an industry conference for content creators and marketers.  Rodney Mason, *LTK Con 2025: Creator Collaboration and Unveiling New Products*, LTK, http://onbrand.shopltk.com/ltk-con-2025-creator-collaboration-and-unveiling-new-products.  SXSW is an annual festival and conference for professionals in industries such as music, film, technology and other forms of content creation.  *About SXSW*, SXSW, http://sxsw.com/about/.

denies Defendants' motion to protect information regarding TSS's participation at these conferences.

### E.  Requests for Employee-Related Documents

RFPs 48, 53-54 and 63-73 seek information relating to TSS's employees, including the names, addresses, employment agreements, and personnel files of TSS's employees. Defs.' App. 6-8.  Additionally, No. 63 seeks all of TSS's board of director meeting minutes in the past four years and several RFPs seek information related to employee compensation for specific campaigns.  *Id.* at 8.  Answers to these requests would provide few, if any, facts to the jurisdictional determination because this litigation does not involve an employment dispute.  Moreover, these requests appear to be responsive to claims in a separate case between a Link employee and TSS in California involving an employment dispute.  *See* Defs.' Br. 11; *see also* Pl.'s Br. 4 ("Link employs Brook Meister, who is a former employee of Pisco Media Group.  Meister's employment-based claims [against TSS] are pending in a California lawsuit.").  Accordingly, the Court grants Defendants' motion to protect these requests for TSS's employee-related information.

### F.  Requests Regarding TSS's Finances

RFPs Nos. 1-3, 8, 12-32, and 60-62 seek TSS's financial information such as payments for client campaigns, receipts, invoices, bank statements, and the dollar amounts of contracts executed with clients.[3]  Defs.' App. 6-7, 10-11.  Defendants object to these

---

[3] Defendants objected to each of these RFPs in its motion but only identified RFPs No. 60-62 as inquiries into TSS's finances.  Upon review, the Court determines that RFPs 1-3, 8, also 12-32 also amount to requests for financial information and *sua sponte* grants protection as to those requests.

MEMORANDUM OPINION AND ORDER – PAGE 7

requests as irrelevant to Link's claims.  Defs.' Br. 8.  The Court agrees that TSS's financial information is not within the permitted scope of discovery on the narrow issue of personal jurisdiction.  Moreover, the Court finds that TSS "would be prejudiced if it were compelled to produce this detailed financial information to a competitor."  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 4:02-cv-00050, at \*4 (E.D. Tex. 2003).  Accordingly, the Court grants Defendants' motion for protective order as to these RFPs.

## CONCLUSION

The Court grants Link's motion for jurisdictional discovery and partially grants Defendants' motion for protective order.  Accordingly, the Court permits Link to conduct the following discovery related to determining personal jurisdiction:

(1) Eight (8) interrogatories to each Named Defendant pertaining to that Defendant's contacts with Texas;

(2) Document production as allowed in this Order to be made within twenty-one (21) days of the date of this Order;

(3) Two (2) hour depositions of each declarant whose declaration was used in support of Defendants' motions to dismiss and each Named Defendant;

(4) One (1) Rule 30(b)(6) deposition of an organizational representative, limited to jurisdictional topics, not to exceed four (4 hours).

This limited jurisdictional discovery shall be conducted within sixty (60) days from the date of this Order.  Link's responses to Defendants' motions to dismiss are due twenty-one (21) days after the close of discovery.  Defendants may file final replies within fourteen (14) days of the date Link files its supplemental responses.  The Court will rule on Defendants' motions to dismiss following this additional briefing.

MEMORANDUM OPINION AND ORDER – PAGE 8

Signed July 21, 2026.

David C. Godbey
Senior United States District Judge